## JOHNSON *v.* STATE OF MARYLAND.

ERROR TO THE CIRCUIT COURT OF FREDERICK COUNTY,
STATE OF MARYLAND.

No. 289.   Argued October 18, 1920.—Decided November 8, 1920.

A law of a State penalizing those who operate motor trucks on highways
without having obtained licenses based on examination of compe-
tency and payment of a fee, can not constitutionally apply to an
employee of the Post Office Department while engaged in driving a
government motor-truck over a post-road in the performance of his
official duty.   P. 55.

Reversed.

THIS was a prosecution based on § 143 of Art. 56 of
the Code of Public General Laws of Maryland, as amended
by c. 85, Acts of 1918.   The opinion states the case.

*Mr. W. C. Herron,* with whom *Mr. Assistant Attorney
General Stewart* and *Mr. H. S. Ridgely* were on the brief,
for plaintiff in error:

To assert that there may be reasonable regulation of a
federal operation or agency by a State acting under its
police power, is to deny the complete sovereignty of the
Federal Government in the discharge of its constitutional
functions.   *McCulloch* v. *Maryland,* 4 Wheat. 316, 429,
431, 432, 436; *Tennessee* v. *Davis,* 100 U. S. 257, 263;
*Henderson* v. *Mayor,* 92 U. S. 259, 271, 272; *Weston* v.
*Charleston,* 2 Pet. 448, 467; *Society of Savings* v. *Coite,*
6 Wall. 594, 604; *Osborn* v. *Bank of the United States,*
9 Wheat. 738, 867.

If the taxing power of the State may not be exerted over
federal operations and instrumentalities because of the
supremacy of the Federal Government in the field of its
constitutional authority, then obviously and for the same

reason is the State forbidden to exert any regulative control. *Ohio* v. *Thomas*, 173 U. S. 276, 283; *Flaherty* v. *Hanson*, 215 U. S. 515; *In re Neagle*, 135 U. S. 1; *Pembina Mining Co.* v. *Pennsylvania*, 125 U. S. 181, 186; *In re Waite*, 81 Fed. Rep. 359; *Farmers & Mechanics Savings Bank* v. *Minnesota*, 232 U. S. 516, 526; *Boske* v. *Comingore*, 177 U. S. 459; *Williams* v. *Talladega*, 226 U. S. 404; *United States* v. *Ansonia Co.*, 218 U. S. 452; *Holmes* v. *Jennison*, 14 Pet. 540; *In re Loney*, 134 U. S. 372; *Western Union Telegraph Co.* v. *Brown*, 234 U. S. 542.

If the State possesses power to determine qualifications of plaintiff in error, then it likewise possesses power to levy a tax upon him for revenue or other purposes. *McCulloch* v. *Maryland, supra*, 429; *Shaffer* v. *Carter*, 252 U. S. 37, 50; *Mugler* v. *Kansas*, 123 U. S. 623, 659; *In re Rahrer*, 140 U. S. 545, 554. The power of taxation is coextensive with sovereignty, and as the police power can not be more extensive than sovereignty, the police and taxation powers must be coequal. From this it necessarily follows that the absence of power to levy a tax upon a federal employee or agency as such equally forbids the exercise of the police power to control the official operations of such employee or agency. *Dobbins* v. *Erie County*, 16 Pet. 435, 447–448; *Transportation Co.* v. *Wheeling*, 99 U. S. 273, 279, 283.

The Maryland statute is open to the objection that it seeks to determine the fitness of, with reserved power to deny, a means adopted by Congress in executing its constitutional power to establish post offices and post roads. *McCulloch* v. *Maryland, supra*, 413, 414; *Fairbank* v. *United States*, 181 U. S. 283, 287, 288.

While the State possesses the right to make a charge for the road facilities which it furnishes, its power to regulate and control the use of such roads can not, by virtue of its ownership of such roads, be more extensive than its police power, for such latter power is as broad as its sovereignty.

*Hendrick* v. *Maryland,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S. 160, 168. It follows that if the State's ownership of its roads does not deprive Congress of the power to supplant state regulative laws with respect to the use of those roads as instruments of interstate commerce, then upon the same principle the state power must be subordinate to the exercise of any other constitutional power. *In re Rahrer, supra,* 555, 556; *Second Employers' Liability Cases,* 223 U. S. 1, 54. Were the rule otherwise the constitutional power to establish post offices and post roads, which of course embraces provisions for the transportation of the mails, would, to a considerable degree, depend for its efficient exercise upon the will of the State; for while its highways are post roads (*Western Union Telegraph Co.* v. *Richmond,* 224 U. S. 160, 165; *Essex* v. *New England Telegraph Co.,* 239 U. S. 313, 321), nevertheless the State could dictate the terms upon which the mails could be transported over them. The federal constitutional power recognizes no such dependence.

Plaintiff in error possessed the right secured to him by the Constitution and laws of the United States to engage in the employment here drawn in issue without compliance with the laws of Maryland. *Slaughter-House Cases,* 16 Wall. 36, 79. In *Hawker* v. *New York,* 170 U. S. 189, this court recognized the right of a State to require, as a condition precedent to the practice of medicine, a demonstration of the qualifications of the applicant. Will it be contended that a physician may not enter, e. g., the service of the Federal Army as a physician on duty within the boundaries of a State until he has first met the requirements of the state law?

The judicial decisions upholding state exertions of police power affecting interstate commerce can not be used as authority for the assertion that the State may exert a like power with respect to the establishment of post offices and post roads.

*Mr. Alexander Armstrong,* Attorney General of the State of Maryland, and *Mr. J. Purdon Wright,* with whom *Mr. Lindsay C. Spencer,* Assistant Attorney General of the State of Maryland, was on the brief, for defendant in error:

The regulation in question is enacted in pursuance of the police power and its object is to protect the life and property of persons using the highways of the State by preventing the operation of automobiles by incompetent persons.

A person employed by the United States to perform the service authorized by its laws and in connection with its property is subject to state control as to the method by which he shall perform such service in a State. If he is guilty of wilful misconduct or negligence, while performing such duty, he is liable in damages, for the laws of the United States do not authorize him to perform his duties in a negligent manner, and he is liable for all damages that may result from an unauthorized act. *Little* v. *Barreme,* 2 Cranch, 170; *Mitchell* v. *Harmony,* 13 How. 115; *Commonwealth* v. *Closson,* 229 Massachusetts, 329.

It would seem to follow that, if a State may insure against the improper use upon its highways of a vehicle of the United States Government, by a prosecution of the person improperly using it thereon, it may accomplish the same object by requiring proof of the competence of such person to use such vehicle properly upon those highways as a condition precedent to his being permitted to operate it thereon. 28 Ops. Atty. Gen. 604.

The State can constitutionally exact the payment of a license fee such as is required by the law under discussion, whether such fee is considered as a reasonable fee for the services of the state officials charged with the issuance of licenses or as compensation exacted by the State for the use of its road facilities. 28 Ops. Atty. Gen. 604; *Hendrick* v. *Maryland,* 235 U. S. 610; *Searight* v. *Stokes,* 3 How. 151;

*Dickey* v. *Maysville, etc., Co.,* 7 Dana, 113. [Counsel also referred to an unreported opinion of the Attorney General, rendered after the decision in *Hendrick* v. *Maryland,* in disagreement with the view expressed in 28 Ops. Atty. Gen. 604, upon the power to exact a license fee.]

Mr. Justice Holmes delivered the opinion of the court.

The plaintiff in error was an employee of the Post Office Department of the United States and while driving a government motor truck in the transportation of mail over a post road from Mt. Airy, Maryland, to Washington, was arrested in Maryland, and was tried, convicted and fined for so driving without having obtained a license from the State. He saved his constitutional rights by motion to quash, by special pleas which were overruled upon demurrer and by motion in arrest of judgment. The facts were admitted and the naked question is whether the State has power to require such an employee to obtain a license by submitting to an examination concerning his competence and paying three dollars, before performing his official duty in obedience to superior command.

The cases upon the regulation of interstate commerce can not be relied upon as furnishing an answer. They deal with the conduct of private persons in matters in which the States as well as the general government have an interest and which would be wholly under the control of the States but for the supervening destination and the ultimate purpose of the acts. Here the question is whether the State can interrupt the acts of the general government itself. With regard to taxation, no matter how reasonable, or how universal and undiscriminating, the State's inability to interfere has been regarded as established since *McCulloch* v. *Maryland,* 4 Wheat. 316. The decision in that case was not put upon any consideration of degree but upon the entire absence of power on the part of the

States to touch, in that way at least, the instrumentalities of the United States; 4 Wheat. 429, 430; and that is the law today. *Farmers & Mechanics Savings Bank* v. *Minnesota,* 232 U. S. 516, 525, 526. A little later the scope of the proposition as then understood was indicated in *Osborn* v. *Bank of the United States,* 9 Wheat. 738, 867. "Can a contractor for supplying a military post with provisions, be restrained from making purchases within any State, or from transporting the provisions to the place at which the troops were stationed? or could he be fined or taxed for doing so? We have not yet heard these questions answered in the affirmative." In more recent days the principle was applied when the governor of a soldiers' home was convicted for disregard of a state law concerning the use of oleomargarine, while furnishing it to the inmates of the home as part of their rations. It was said that the federal officer was not "subject to the jurisdiction of the State in regard to those very matters of administration which are thus approved by Federal authority." *Ohio* v. *Thomas,* 173 U. S. 276, 283. It seems to us that the foregoing decisions establish the law governing this case.

Of course an employee of the United States does not secure a general immunity from state law while acting in the course of his employment. That was decided long ago by Mr. Justice Washington in *United States* v. *Hart,* Pet. C. C. 390. 5 Ops. Atty. Gen. 554. It very well may be that, when the United States has not spoken, the subjection to local law would extend to general rules that might affect incidentally the mode of carrying out the employment—as, for instance, a statute or ordinance regulating the mode of turning at the corners of streets. *Commonwealth* v. *Closson,* 229 Massachusetts, 329. This might stand on much the same footing as liability under the common law of a State to a person injured by the driver's negligence. But even the most unquestionable and most universally applicable of state laws, such as those concern-

ing murder, will not be allowed to control the conduct of a marshal of the United States acting under and in pursuance of the laws of the United States. *In re Neagle,* 135 U. S. 1.

It seems to us that the immunity of the instruments of the United States from state control in the performance of their duties extends to a requirement that they desist from performance until they satisfy a state officer upon examination that they are competent for a necessary part of them and pay a fee for permission to go on. Such a requirement does not merely touch the Government servants remotely by a general rule of conduct; it lays hold of them in their specific attempt to obey orders and requires qualifications in addition to those that the Government has pronounced sufficient. It is the duty of the Department to employ persons competent for their work and that duty it must be presumed has been performed. *Keim* v. *United States,* 177 U. S. 290, 293.

*Judgment reversed.*

MR. JUSTICE PITNEY and MR. JUSTICE McREYNOLDS dissent.