## Registration of Veterinary Surgeons.

*Department of Justice—Opinions of the Attorney-General—Conflict with opinions of the Attorney-General of the United States.*
1. The Commonwealth is not bound by the opinions of the Attorney-General of the United States, but when such opinions have solely to do with a Federal question arising in conflict with demands of officers of the Commonwealth of Pennsylvania, they should be given the most full and careful consideration, and every doubt resolved in favor of the full and free functioning of the Federal Government in the performance of its duties and functions.

*Constitutional law—Constitution, U. S.—Federal laws creating Federal Bureau of Animal Industry.*
2. The Department of Justice of Pennsylvania does not dispute the constitutionality of the Federal laws creating and imposing powers and duties upon the Federal Bureau of Animal Industry.

*Veterinary surgeons—Surgeons acting as Federal inspectors—Registration—Acts of May 5, 1915, and May 8, 1919.*
3. Veterinary inspectors of the Bureau of Animal Industry of the United States Department of Agriculture, while engaged solely in the performance of their Federal official duties as veterinarians in the Commonwealth of Pennsylvania, are not amenable to the Acts of May 5, 1915, P. L. 248, and May 8, 1919, P. L. 35, relating to the registration of veterinary surgeons.
4. Such surgeons must, however, register under the acts, if they desire to practice as veterinarians otherwise than in performance of their official duties as employees of the United States.

Department of Justice. Opinion to Dr. F. R. McCarthy, Chairman, State Board of Veterinary Medical Examiners.

WOODRUFF, Att'y-Gen., Dec. 18, 1924.—My attention has been called to the opinion of Hon. William I. Swoope, Deputy Attorney-General of Pennsylvania, dated Feb. 23, 1922, and the opinion of Hon. A. T. Seymour, Acting Attorney-General of the United States, dated April 3, 1923, both opinions being on the subject of the right of veterinary surgeons in the employ of the United States and working solely for the United States under that employment in Pennsylvania, to be allowed to perform such work without registering with the board.

The fact that the United States Department of Justice has given an opinion to the effect that these veterinary surgeons in the employ of the United States may, as far as performance of their official duties under such employment is concerned, perform those duties in the State of Pennsylvania without being amenable to the provisions of the Pennsylvania Act of May 5, 1915, P. L. 248, as amended by Act of May 8, 1919, P. L. 135, makes it mandatory upon the Pennsylvania Department of Justice to review the opinion of Deputy Attorney-General William I. Swoope in order that, if possible, all conflict, or seeming conflict, between that opinion and the opinion of the United States Department of Justice may be cleared up.

The State is not bound by the opinions of the United States Attorney-General, but when those opinions, as in this case, have solely to do with a Federal question arising in conflict with demands of officers of the Commonwealth of Pennsylvania, the opinion should be given the most full and careful consideration and every doubt resolved in favor of the full and free functioning of the Federal Government in the performance of its duties and functions.

It is all the more necessary to review the opinion of this department because the opinion of the Attorney-General of the United States was given at a later

date with, I am sure, full cognizance of the prevous opinion of this department.

However, it is comparatively easy to dispose of this seeming conflict, because the United States Department of Justice calls attention in its opinion to several clear-cut pronouncements of the United States Supreme Court which apparently were not considered by the Pennsylvania Department of Justice in its opinion; and in this line it should be remembered that any contest with regard to this matter is one which can and undoubtedly would be carried to the Supreme Court of the United States, either by appeal from the Pennsylvania Supreme Court or by initiation and process through the Federal court.

If we could not establish that the laws creating the Federal Bureau of Animal Industry and the laws providing for work by veterinary surgeons employed by the bureau are unconstitutional, we would be ruled out by the opinions of the United States Supreme Court in the cases discussed by the Attorney-General of the United States in his opinion of April 3, 1923, namely: McCulloch v. Maryland, 4 Wheaton, 316, 432; Osborn v. Bank of United States, 9 Wheaton, 738, 867; Weston v. Charleston, 2 Peters, 448, 466; Henderson et al. v. Mayor of New York et al., 92 U. S. 259, 271; and McCulloch v. Maryland, upheld in Tennessee v. Davis, 100 U. S. 257, 263.

The words of the Supreme Court of the United States in the last named case are conclusive, provided that the Federal laws creating the Federal Bureau of Animal Industry and providing for its powers, functions and duties are constitutional. The court says:

"No state government can exclude it (the Federal Government) from the exercise of any authority conferred upon it by the Constitution, obstruct its authorized officers against its will, or withhold from it, for a moment, the cognizance of any subject which that instrument has committed to it."

The United States Attorney-General also draws attention to the following Supreme Court cases: In re Neagle, 135 U. S. 1; In re Debs, Petitioner, 158 U. S. 564. 599; M. K. & T. Ry. Co. v. Haber, 169 U. S. 613, 626; Ohio v. Thomas, 173 U. S. 276; Johnson v. Maryland, 254 U. S. 51.

In view of the heavy task which would be assumed in attacking the constitutionality of the Federal laws concerning the Federal Bureau of Animal Industry and its powers and duties, and also in view of the value to the agricultural interests of this and other states wrapped up in the continuance of a Federal Bureau of Animal Industry, I feel that it would be out of place to attack the constitutionality of those Federal laws because of the conflict between rulings of State and Federal agencies.

Therefore, we have reached the following conclusion and opinion:

1. The Pennsylvania Department of Justice does not dispute the constitutionality of the Federal laws creating and imposing powers and duties upon the Federal Bureau of Animal Industry.

2. That being the case, the opinion of Deputy Attorney-General Swoope, which was given without consideration of the Federal cases discussed by the Attorney-General of the United States and cited herein, is hereby reviewed, and, on the strength of said decisions of the United States Supreme Court, the Pennsylvania State Board of Veterinary Medical Examiners is advised that the following is the opinion of this department:

(a) The veterinary inspectors of the Bureau of Animal Industry of the United States Department of Agriculture, while engaged solely in the performance of their Federal official duties as veterinarians in the Common-

wealth of Pennsylvania, are not amenable to the provisions of the Act of May 5, 1915, P. L. 248, as amended by the Act of May 8, 1919, P. L. 35.

*(b)* Said veterinary inspectors of the United States Board of Animal Industry, however, would be, as probably intended by Deputy Attorney-General Swoope in his opinion, obliged to register under said laws ·of the Commonwealth of Pennsylvania, if they should desire to practice as veterinarians otherwise than in performance of their official duties as employees of the United States. The opinion of the Attorney-General of the United States indicates this by the use of the words "while engaged in the performance of their *official* duties as veterinarians."

From C. P. Addams, Harrisburg, Pa.