

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. N. Carter
County Attorney
Mitchell County
Colorado, Texas

*See 1393-A*

Dear Sir:

Opinion No. O-1393
Re: Whether Article 3932, R. C. S., as
amended, is applicable to agencies
and instrumentalities of the Fed-
eral Government as to filing and
recording fees authorized to be
charged under the provisions of
Article 3930, R. C. S., 1925.

Your request by letter, dated April 1, 1939,
for an opinion from this department, wherein you refer
to the latter portion of Article 3932, as amended, and
Article 6627, Revised Civil Statutes, 1925, raising
the above question, reads in part as follows:

"Since there are many documents being
filed in this county for record by the county
clerk, by agencies of the Government, it is
imperative that Mr. Herrington, our county
clerk, have a ruling from the Attorney General,
and we hereby request same at the earliest
possible moment, as Mr. Herrington is holding
up the recording of same because they have not
been filed according to and in keeping with Art-
icle 3932, Vernon's A. C. S. cited above."

Article 6627, supra, provides as follows:

"All bargains, sales and other convey-
ances whatever, of any land, tenements and
hereditaments, whether they may be made for
passing any estate of freehold of inheritance

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

Article 5930, Revised Civil Statutes, provides and fixes the various fees and charges that the clerks of the county court are authorized to receive for filing and recording such instruments.

Article 5932, Revised Civil Statutes, as amended, and its relevant provisions, reads as follows:

" . . . No county clerk shall be compelled to file of record any instrument of writing permitted or required by law to be recorded until the payment or tender of payment of all legal fees for such filing or recording has been made. Nothing herein shall be held to include papers or instruments filed or recorded in suits pending in the county court."

We note that you state in your letter that Mitchell County with a population of 14,185 does not come under the salary law but that the county clerk is compensated on an annual fee basis.

Your request raises the primary question as to whether or not such statutory filing and recording fees would be considered a tax. We have reviewed numerous Federal and State decisions and do not find any case directly in point wherein such fees, as authorized in our statutes, for filing and recording instruments of record, are held to be a tax and as such, exemption would apply to instrumentalities of the Federal government. The view, however, that such would not be held a tax seems strongly supported by the language of Mr. Justice Holmes in Federal Land Bank v. Crossland, 261 U. S. 374, 67 L. Ed. 703, 43 Sup. Ct. Rep. 385:

"Of course, the State is not bound to furnish its registry for nothing. It may charge a reasonable fee to meet the expense of the institution. But in this case the Legislature has honestly distinguished between the fee and the additional requirements that it frankly recognizes as a tax. If it attempted to disguise the tax by confounding the two, the courts would be called upon to consider how far the charge exceeded the requirement of support, as when an excessive charge is made for inspecting articles in interstate commerce. D. E. Foote & Co. vs. Stanley, 232 U.S. 494, 58 L. Ed. 698, 34 Sup. Ct. Rep. 377."

That Congress has the power to create, or cause to be created, corporations which act as governmental instrumentalities to at least a limited extent, and clothe such instrumentalities with exemptions from taxation, appears to be well established. The principle apparently goes further and holds that governmental instrumentalities are not subject to state taxation unless expressly so specified by an act of Congress. The doctrine of immunity was first denunciated in the case of McCulloch vs. Maryland, 4 Wheat 316, 4 L. Ed. 579, where it was held that the State of Maryland had no power to tax her national banks.

In the McCulloch vs. Maryland case, supra, this immunity was defined:

"The states have no power, by taxation or otherwise, to retard, impede, burden  or in any manner control the operations of the constitutional laws enacted by Congress to carry into execution the powers vested in the general government."

We recognize the above principle that the Supreme Court of the United States has laid down that a state may not tax the Federal government or its instrumentalities or do aught which would directly interfere with its lawful operations. The only basis, therefore, for which the imposition of such service charges as provided by our statutes could be construed a tax is that such

materially interferes with the due, expedient and orderly procedure of the Federal government while in the exercise of its constitutional powers.

"Fees required to be paid by individuals to public officers ordinarily are not considered to be taxes. Thus, a fee assessed to pay the expenses of litigation, and which compensates one of the officers of the court for his services, is not a tax. So a fee imposed for the recording and filing of certificates of incorporation, based on the amount of capital stock, is not a tax, it would seem, if merely to compensate the officer for services performed" . . . Cooley, Taxation, 3rd Ed. Vol. 1, § 33, p. 108. See also Harrison vs. Willis, 7 Heisk 35, 19 Am. Rep. 604; State Ex. Rel. D. Atkinson, etc. Railway Co. v. Board of County Commissioners, 4 Nebraska 537, 19 Am. Rep. 641.

It is submitted that such charges for filing and recording instruments under the above statutes would not materially interfere with the due, expedient and orderly procedure of the Federal government and that under the cases and rules laid down by the Federal Supreme Court, that such fees are taxes cannot be logically deduced. It has long been an accepted rule of law that property owned by a public body devoted to public use cannot be taxed by another governmental body. Without attempting to distinguish between the various Federal Instrumentalities, or question their lawful and constitutional purposes, we cannot help but note the fact that Federal expenditures in the form of loans secured by mortgages, deeds of trust, and other characteristic debentures, conceded government owned, for public purposes and exempted from taxation by state governments, do not partake of any change of status, materially increasing or decreasing Federal revenues or advantages necessarily derived therefrom simply by taking advantage of the orderly protection of our state laws and applying for that security by the payment of reasonable and uniform filing and recording fees authorized and fixed by state laws for such services.

In the recent case of James vs. Dravo Contracting Co., 302 U. S. 134, 58 Sup. Ct. Rep. 208, the Supreme Court of the United States held that a non-discriminatory West Virginia gross sales and income tax was collectable from an independent contractor holding a contract with the Federal government for construction of locks and dams in navigable streams in the state, even if the tax increased the cost to the Federal government, since the tax was not laid upon the Federal government, its officers or property, was not laid upon the contract of the Federal government, and the tax did not interfere in any substantial way with the performance of Federal functions. In considering the matter before the court, it is evident that the majority of its members took cognizance of the fundamental principle of dual government recognized in Indian Motocycle Company vs. United States, 283 U. S. 570, 51 Sup. Ct. Rep. 601:

> "It is an established principle of our constitutional system of dual government that the instrumentalities, means and operations whereby the United States exercises its governmental powers are exempt from taxation by the states, and that the instrumentalities, means and operations whereby the states exert the governmental powers belonging to them are equally exempt from taxation by the United States. This principle is implied from the independence of the national and state governments within their respective spheres and from the provisions of the Constitution which look to the maintenance of the dual system. Collector v. Day, 11 Wall.113, 125, 127, 20 L. Ed. 122; Willcuts v. Bunn, 282 U. S. 216, 224, 225, 51 S. Ct. 125; 75 L. Ed. 304. Where the principle applies it is not affected by the amount of the particular tax or the extent of the resulting interference, but is absolute. McCulloch v. Maryland, 4 Wheat, 316, 430, 4 L. Ed. 579; United States v. Baltimore & Ohio R. Co., 17 Wall. 322, 327, 21 L. Ed. 597; Johnson v. Maryland, 254 U. S. 51, 55, 56, 41 S. Ct. 16, 65 L. Ed. 126; Gillespie v. Oklahoma, 257 U. S. 501, 505, 42 S. Ct. 171, 66 L. Ed. 338; Crandall v. Nevada, 6 Wall. 35, 44-46, 18 L. Ed. 745."

Honorable B. N. Carter, Page 6

That such filing and recording fees authorized to be charged by our laws afford indirectly revenue to the state would not alone justify such fees considered a tax. And that such fees are reasonable and non-discriminatory can hardly be questioned. As the life of our state government depends upon the lawful exercise of State governmental powers, it cannot be said that such fees, under our dual system of government, affords any greater impediment, burden or unlawful exercise or control by requiring such obligations to be met through a reasonable charge for services to the Federal government and its instrumentalities than such exemptions would likely destroy or cast undue burdens upon the local state government itself. We find the following language in Baldwin vs. Goldfrank, 88 Tex. 849, 31 S.W. 1064:

"... Nor are fees paid to public officers taxes in the general sense, notwithstanding that the mode of providing compensation to the public servants relieves the treasurer from paying a salary. . . ." 40 Tex. Juris. § 2 p. 12.

You are respectfully advised that it is the opinion of this department that such written instruments authorized under Article 6627, Revised Civil Statutes, 1925, and presented to the county clerk for filing and recording by agencies or instrumentalities of the Federal government, are not exempt from the payment of legal fees authorized to be charged by the clerk under the provisions of Article 3930, Revised Civil Statutes, 1925, such fees not being a tax upon the Federal government.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WMR:BT

APPROVED OCT 20, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN