The PEOPLE OF PUERTO RICO

v.

James M. FITZPATRICK, U. S. 51–311–125, Service Co., 65th. Inf., Camp Losey, P. R.

Cr. No. 7407.

United States District Court
D. Puerto Rico, San Juan Division.

May 4, 1956.

Francisco Agrait Oliveras, Asst. Dist. Atty., Ponce, P. R., for plaintiff.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

The criminal prosecution herein was removed to this Court from the Superior Court of the Commonwealth of Puerto Rico, Ponce Section, at the request of the defendant, a member of the United States

Armed Forces, who was acting within the scope of his duty at the time of the accident which gave rise to said prosecution, pursuant to the provisions of Title 50 U.S.C.A. § 738 and Title 28 U.S.C.A. §§ 1442–1449.

After removal, defendant filed in this Court a Motion to Dismiss the information. Said motion is supplemented by certain exhibits and in it defendant claims that inasmuch as at the time of the accident, on which the prosecution is based, he "was engaged in the performance of official duties as an agent of the Federal Government, as appears from original trip ticket, DD Form 110 and verified copy of certificate dated December 12, 1955, subscribed by the officer in charge" (attached to said motion and made a part thereof) "to the effect that Pfc James M. Fitzpatrick" (defendant herein) "was on authorized dispatch and on his authorized route on December 7, 1955, at the time of the accident," he was then "acting as an agent of the Federal Government in the performance of official duties" and, therefore, "he cannot be charged criminally for violations of State laws," citing, among others, the cases of In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55 and Johnson v. State of Maryland, 254 U.S. 51, 41 S.Ct. 16, 65 L.Ed. 126.

The motion was heard at the regular motion day call of this court, and counsel, in addition to their oral arguments at the hearing, have filed briefs in support of their respective positions.

I have given due consideration to the cases relied on by defendant, particularly to In re Neagle, supra, and Johnson v. State of Maryland, supra, which appear to be the most in point on the question at issue.

█ .What In re Neagle, supra, established was: that when the *only means available* to a federal officer, for performing the duties assigned to him, *justify* that he act in a particular manner, his action is deemed to have been taken in the discharge of his said official duties, and that, having so acted, in that capaci-

ty, he cannot be guilty, because of such action, of a crime under the laws of any State or political sub-division of the United States, nor had to answer to their courts for an act for which he, thus, had the authority of the laws of the United States.

In said case petitioner Neagle had been commissioned as a deputy United States Marshal and, as such, had been assigned the duty of protecting the life of Mr. Justice Field, of the United States Supreme Court, who was then performing his official duties as United States Circuit Judge in California and who had been the subject of repeated threats by one Terry and his wife, because of a certain decision rendered by the Circuit Court against Terry's wife. Terry assaulted Mr. Justice Field, when the latter was having lunch at the dining room of a railroad station, while travelling from San Francisco to Los Angeles to hold court at that place. When Neagle drew up his revolver and warned Terry "'Stop! Stop! I am an officer!'", the latter "turned his hand to thrust it in his bosom, as Neagle felt sure, with the purpose of drawing a bowie-knife. At this instant Neagle fired two shots from his revolver into the body of Terry, who immediately sank down, and died in a few minutes." Mrs. Terry, who had previously left the dining room in great haste to go to her train car for her satchel, came back to the dining room with her satchel, at the precise time Neagle was firing the shots into the body of Terry. When her satchel was searched it was found to contain a revolver. 135 U.S. at page 53, 10 S.Ct. at page 664.

The Court found:

"(1) That Neagle was justified in defending Mr. Justice Field in this manner;

"(2) That in so doing he acted in discharge of his duty as an officer of the United States;

"(3) That having so acted, in that capacity, he could not be guilty of murder under the laws of California, nor held to answer to its courts for

an act for which he had the authority of the laws of the United States;

"(4) That the judgment of the Circuit Court, discharging him from the custody of the sheriff of San Joaquin County, must therefore be affirmed." Summary, 135 U.S. at page 3.

In Johnson v. Maryland, supra, the court followed In re Neagle, supra, in connection with an employee of the United States Post Office Department who was charged, tried, convicted and fined by a Maryland court for driving a government motor truck in the transportation of mail over a post road from Mt. Airy, Maryland, to Washington, for driving said truck without having first obtained a driver's license from the State of Maryland. The court, in applying the rule of In re Neagle, supra, held that the States cannot require from a Government servant *qualifications in addition to those that the United States Government has pronounced sufficient;* and that, it being the duty of the United States Post Office Department to employ persons competent for their work, it must be presumed that said duty has been performed, and to require them to pass an examination, pay a fee and obtain a license from the state authorities, would amount to a control by the States of the instruments of the Federal Government in the performance of their duties to the latter. The judgment was, therefore, reversed.

■ The situation herein, according to the record, does not fall within the rule laid down in the above cases.

Although defendant has alleged and sufficiently established, and plaintiff so concedes, that at the time and place of the accident, on which the prosecution herein is based, he was an agent of the United States, engaged in the performance of official duties as driver of a federal governmental conveyance on authorized dispatch and on his authorized route, the present state of the record fails to disclose that the *only means* available to him, for performing his aforesaid duties, *justified* him to act in the manner it is

alleged he did. Neither does said record show that his prosecution is based on his failure to obey orders or to conform to qualifications in addition to those that the United States Government has pronounced sufficient.

All that appears from said record is that while driving a truck on the road from Santa Isabel to Ponce, Puerto Rico, he failed to take into account the width, use and traffic of said road and did not observe the proper diligence and prudence while driving said vehicle, then and there, by swerving from the right lane to the left lane thereof and thus colliding with another truck which was coming in the opposite direction.

Nothing in the record indicates that he had to act in the way above mentioned as the *only means* he had with which to perform the duties assigned to him.

I fail to see how the performance of the duties assigned to defendant, as hereinbefore set out, can *justify* his abandoning the right lane of the road, which was precisely the traffic lane he had to use, to invade the left lane, destined to traffic in the opposite direction, and collide with another truck coming in this direction, nor how such action could have been the *only means* he had to perform his official duties, so as to bring this case under the holding in In re Neagle, supra.

Nor do I see how the requirement that defendant keep to his traffic lane on a public road without invading the lane assigned to traffic in the opposite direction, could be considered a requirement imposed by the Commonwealth government entailing *qualifications in addition to those that the federal government has found sufficient,* so as to bring this case within the rule of Johnson v. State of Maryland, supra.

Nothing said in this memorandum opinion shall be understood as indicating that defendant is precluded from establishing, at the trial of this action, any material facts and circumstances prevailing at the time and place of the ac-

cident, and not appearing from the present state of the record, which may bring this case under the holdings of In re Neagle, supra, or Johnson v. State of Maryland, supra.

Defendant's motion to dismiss the information must be, therefore, denied.

It is so ordered.