## COMMONWEALTH OF PENNSYLVANIA
### v.
**Lt. David JOHNSON, Pfc. Kenneth Gruber and Sp4 Richard B. Castle.**

### No. 68-1353.

United States District Court
W. D. Pennsylvania.

March 28, 1969.

Ronald N. Watzman, Pittsburgh, Pa., for prosecutor.

Gustave Diamond, U. S. Atty., Nick Fisfis, Asst. U. S. Attorney, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

This matter involves a state prosecution for assault and battery instituted by

a private prosecutor against two military policemen and an Army Officer. It was removed to this Court under 28 U.S.C.A. § 1442(a) on the allegations that the actions of defendants were done in their official capacity and under color of their authority as members of the United States Army and its military police branch.

Upon removal a preliminary hearing was held and testimony taken. Defendants, represented by the United States Attorney, moved to dismiss. The action against defendant Lt. David Johnson was dismissed without objection by prosecutor's private counsel because there was no evidence that he participated in the alleged assault and battery.

Prosecutor was a civilian employee in the commissary of an Army installation. He was engaged in a lengthy argument with his superior, Lt. Johnson, and was finally ordered to leave the building. He refused and Lt. Johnson called for the military police to evict him. Prosecutor knew that the military police were coming to evict him, and discussed this with his union steward who was present. The union steward advised him to leave. He remained. The two military policemen, defendants Pfc. Gruber and Sp4 Castle arrived, told prosecutor to get his hat and coat, and were met with some words or arguments. Prosecutor's arm was grabbed, he was shoved or pushed against a nearby locker and handcuffs were placed on him. When he was pushed against the locker his head bumped the locker, but there is no testimony that this was deliberately caused by the actions of the military police. Prosecutor indicated that he would leave, the handcuffs were removed and prosecutor departed with the military police without physical resistance, but apparently not without further words or complaints.

Several people were present and were called to testify for the prosecutor, both army and civilian personnel. They testified that prosecutor offered no forceful resistance at any time. However, prosecutor did not respond to the initial order of the military police, and offered verbal objection.

Except for the force used to take prosecutor into custody and place handcuffs on him, no witness testified as to any deliberate use of unnecessary force or other deliberate physical assault unrelated to taking prosecutor into custody. Only when this was done did prosecutor indicate his willingness to leave, whereupon he was released.

The argument that no force was necessary on the part of the military police because no forceful resistance was met fails to impress the court. In such a case the parties might still be standing, eyeball to eyeball. We cannot see why the military police officers would be first required to engage in debate for a stated period of time, or must await an attack upon themselves before using the necessary force to accomplish the removal.

■ We do not believe that the evidence shows that the defendant military policemen acted without reasonable cause or that their conduct was unreasonably dangerous in the exercise of their sound discretion. Petition of McShane, 235 F.Supp. 262 [N.D.Miss.1964].

■ We find that the defendants were acting on their orders as federal officers at the time of the alleged assault and battery and had no motive other than to discharge their duty, and had an honest and reasonable belief that their conduct in relation to prosecutor was necessary in the performance of their duty. In such case a state criminal action cannot be maintained against them. In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55 [1890].

### ORDER

And now this 28th day of March, 1969, the Motion of Defendants to Dismiss is Granted and the within action is Ordered Dismissed.