**STATE OF MONTANA, COUNTY OF FERGUS, TOWNSHIP OF LEWISTOWN, Plaintiff,**

v.

**Lowell G. CHRISTOPHER, Defendant.**

**Crim. No. 9910.**

United States District Court,
D. Montana,
Great Falls Division.

June 9, 1972.

William A. Spoja, Jr., Lewistown, Mont., Chadwick Smith, Helena, Mont., for plaintiff.

Eugene Lalonde, U. S. Atty., Billings, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Airman First Class Christopher was charged in the Justice Court of Lewistown Township, Montana, with operating a tilt-bed trailer upon a public highway without proper lights in violation of R.C.M.1947 § 32–31–114.* A petition for removal was filed by the United States Attorney which, together with an uncontradicted affidavit filed in support of a motion to dismiss,[1] show that at the time of the incident there was a threatened flood in the neighborhood of the missile site; that the Air Force was engaged in an emergency snow removal project related to the flood; that Christopher reported the loss of brakes and direction signal in the trailer to his superior officers but was, because of the nature of the emergency, specifically directed to use the trailer with the defec-

---

* This is the citation shown on the complaint, but the correct citation is R.C.M. 1947 § 32–21–114.

1. On the motion for removal the court may consider the affidavit. "This material should have appeared in the petition for removal. However, for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits. See 28 U.S.

C. § 1653; Buell v. Sears, Roebuck & Co., 321 F.2d 468 (C.A.10th Cir. 1963); Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (C.A.5th Cir.), cert. denied, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961). See also American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts 264–265 (Tentative Draft No. 6, 1968)." Willingham v. Morgan, 395 U.S. 402, 407 n. 3, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

tive lights on the highway in the snow removal work.

28 U.S.C. § 1442(a) provides for the removal to the District Court of the United States of criminal prosecutions in state courts against a member of the Armed Forces of the United States for acts done under color of his office or status. The act of driving without lights was done by reason of a direct order issued in connection with the efforts of the Air Force to preserve property devoted to the defense of the United States and was therefore done under the color of the office or status of Airman Christopher. There was here a causal connection between the act of driving without proper lights and the direct order to do so. Maryland v. Soper, (No. 1), 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926).[2]

██ It is generally said that a federal officer who while performing a federal duty runs afoul of state law is immune from state prosecution. In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L. Ed. 55 (1890); Ohio v. Thomas, 173 U. S. 276, 19 S.Ct. 453, 43 L.Ed. 699 (1899); Johnson v. Maryland, 254 U.S. 51, 41 S.Ct. 16, 65 L.Ed. 126 (1920). It might be argued here that the officer of the United States entrusted with the protection of its property has no power to authorize violations of the traffic laws of a state,[3] and that when Christopher was ordered to operate the tilt-bed

trailer without lights the order was unlawful and that there was hence no duty to obey it (10 U.S.C. §§ 890 and 891) and that consequently Christopher was not performing a federal duty at the time. It might on the other hand be argued that the federal necessity here was of such magnitude that state traffic laws had to yield and that the order to disobey them was therefore lawful.[4] A court with the benefit of hindsight could, of course, resolve the matter although two courts might not resolve it in the same way. We deal here, however, with a noncommissioned officer sitting between the Scylla of a direct military order on the one hand and the Charybdis of the Highway Patrol on the other. I think it would be inimical to discipline of the Armed Forces and unfair to the individual involved to make the immunity from state prosecution dependent upon the basic validity of the kind of order given here. I hold that a military person performing a direct order which does not require the unlawful violation of the person of another or which is not obviously contrary to fundamental notions of morality is immune from prosecution under state law.

The motion to remand is denied.

The motion to dismiss is treated as a motion for summary judgment and as such is granted. Fed.R.Civ.P. 12(b).

It is ordered that the complaint be dismissed.

2. Naas v. Mitchell, 233 F.Supp. 414 (D. Md.1964), even if not undercut by Willingham v. Morgan, *supra* note 1, is not contra because in that case there was no showing that the airman was required to do the negligent act to accomplish the federal purpose. *Cf.* City of Norfolk v. McFarland, 143 F.Supp. 587 (E.D.Va. 1956).

3. The language of Mr. Justice Holmes in Johnson v. Maryland, *supra*, at 56, 41 S. Ct. at 16, was: "It very well may be that, when the United States has not spoken, the subjection to local law would extend to general rules that might affect incidentally the mode of carrying out the employment—as, for instance, a statute or ordinance regulating the mode of turning at the corners of streets."

4. *See* Lilly v. West Virginia, 29 F.2d 61, 64 (4th Cir. 1928) where it is said: "The traffic ordinances of a city prescribing who shall have the right of way at crossings and fixing speed limits for vehicles are ordinarily binding upon officials of the federal government as upon all other citizens. Commonwealth v. Closson, 229 Mass. 329, 118 N.E. 653, L.R.A.1918C, 939; United States v. Hart, 26 Fed.Cas. No.15,316, page 193; Johnson v. Maryland, 254 U.S. 51, 41 S.Ct. 16, 65 L.Ed. 126. Such ordinances, however, are not to be construed as applying to public officials engaged in the performance of a public duty where speed and the right of way are a necessity."