COMMONWEALTH OF
PENNSYLVANIA,
Plaintiff,

v.

Sergeant Michael D.
THOMAS, Defendant.

Civ. A. No. 84–1533.

United States District Court,
W.D. Pennsylvania.

Dec. 3, 1984.

Robert Hawk and David A. Hepting, Asst. Dist. Attys., Pittsburgh, Pa., for plaintiff.

Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

MEMORANDUM

McCUNE, District Judge.

The defendant, a non-commissioned officer in the United States Army Reserve, was cited by a Pennsylvania State Police Officer for operating a U.S. Army vehicle on a state highway in violation of a vehicle weight restriction established under § 4902 of the Pennsylvania Motor Vehicle Code, 75 Pa.Cons.Stat.Ann. § 4902(a) (Purdon Supp. 1984). Upon petition of the United States Attorney, the case was removed to this court from Magisterial District Court No. 50–3–01 of Butler County. The defendant now moves this court to dismiss the state charges on the grounds that as a federal non-commissioned officer in the performance of his official duties, he is immune from prosecution in this case.

For the reasons stated below, the defendant's motion to dismiss will be granted.

*Discussion*

Affidavits filed on behalf of the defendant indicate that the defendant was acting under the direct orders of his superior officer and further, that the defendant's actions were in direct compliance with those orders.

Specifically, the defendant had been ordered to transfer a U.S. Army tractor-trailor from the Army Reserve Center in Franklin to the Army Reserve Center in Butler, approximately 40 miles away. The defendant followed the only route known to him, one which had been shown to him personally by his superior officer. The defendant therefore assumed that when directed to transfer the tractor-trailor to Butler, he was to use the route previously shown to him. Unknown to him, however, was the fact that his vehicle exceeded the weight limitation for this particular highway.

While it is true that a federal officer does not enjoy absolute immunity from state law merely because of his offi-

cial standing, a state criminal action cannot be maintained against him when he is acting on orders, has no motive other than to discharge his duty and has an honest and reasonable belief that his conduct was necessary in the performance of that duty. *Commonwealth v. Johnson,* 297 F.Supp. 877 (W.D.Pa.1969). The facts of this case fall squarely within the standard set forth in *Johnson, supra.*

Furthermore, in a case nearly on point, *State of Montana v. Christopher,* 345 F.Supp. 60 (D.Mont.1972), the district court found a member of the U.S. Air Force immune from prosecution for operating a tilt-bed trailor on a public highway without proper lights. In dismissing the state's action, the court recognized the difficult situation a member of the armed forces is placed in when acting under direct orders and held that:

> ... a military person performing a direct order which does not require the unlawful violation of the person of another or which is not obviously contrary to fundamental notions of morality is immune from prosecution under state law.

*Id.* at 61.

We likewise find the defendant immune from prosecution in the instant case and dismiss the Commonwealth's action.