Hon. Richard Rifkin Formal Opinion Executive Director No. 98-F1 New York State Ethics Commission 39 Columbia Street Albany, N Y 12207-2717
Dear Mr. Rifkin:
You have requested an opinion as to whether federal officials should be required to file New York State financial disclosure statements under section 73-a of the Public Officers Law. Section 73-a requires the filing of financial disclosure statements by any member or director of a public benefit corporation, at least one of whose members is appointed by the Governor, who holds a policy-making position.
You have explained that several federal officials have been appointed to serve as members or directors of New York State public benefit corporations and have been designated by those corporations as "policy makers". In our conversations, you have informed us that, in general, these federal officials serve in their federal capacities and represent the federal government in monitoring federal funds. These officials are not acting in their individual capacities or as representatives of the State of New York. However, because these federal officials serve as members and/or directors of New York State public benefit corporations and have been designated as "policy makers", you have asked whether they must comply with the financial disclosure requirement contained in Public Officers Law § 73-a.
Public Officers Law § 73-a provides, in pertinent part, as follows:
 (a) Every . . . state officer or employee . . . shall file an annual statement of financial disclosure containing the information and in the form set forth in subdivision three hereof. Public Officers Law § 73-a(2)(a).
The term "state officer or employee" means:
 (iii) members or directors of public authorities, other than multi-state authorities, public benefit corporations and commissions at least one of whose members is appointed by the governor, and employees of such authorities, corporations and commissions who . . . hold policy-making positions, as determined annually by the appointing authority and set forth in a written instrument which shall be filed with the state ethics commission. . . . Id., § 73-a(1)(c)(iii).
The Public Officers Law specifically requires members or directors of the covered public benefit corporations, who have been designated by their respective corporations as policy makers, to file annual financial disclosure statements. Therefore, it would appear that all such members or directors of public benefit corporations, regardless of their affiliation, would be included within the mandate of the Public Officers Law. However, because the members and directors at issue serve in their federal capacities, whether the State of New York can impose its mandates on the representatives of a separate sovereign government becomes an issue.
Under the precepts of supremacy and federalism, a state cannot impose qualifications on federal officials in addition to those the federal government has deemed sufficient. Johnson v. Maryland, 254 U.S. 51
(1920). See also, Leslie Miller, Inc. v. Arkansas, 352 U.S. 187 (1956);United States v. City of Pittsburgh, California, 661 F.2d 783 (9th Cir 1981). In Johnson v. Maryland, the Supreme Court of the United States held that:
 It seems to us that the immunity of the instruments of the United States from state control in the performance of their duties extends to a requirement that they desist from performance until they satisfy a state officer upon examination that they are competent for a necessary part of them and pay a fee for permission to go on. Such a requirement does not merely touch the Government servants remotely by a general rule of conduct; it lays hold of them in their specific attempt to obey orders and requires qualifications in addition to those that the Government has pronounced sufficient. It is the duty of the Department to employ persons competent for their work and that duty it must be presumed has been performed. Johnson v. Maryland, 254 U.S. at 57.
The Court's holding in Johnson follows directly from its dictates in M'Culloch v. Maryland, 17 U.S. 316 (1819). In M'Culloch, the Court held that the people of a single state could not extend their sovereignty over the federal government.
 The sovereignty of a state extends to everything which exists by its own authority, or is introduced by its permission; but does it extend to those means which are employed by Congress to carry into execution powers conferred on that body by the people of the United States? We think it demonstrable, that it does not. Those powers are not given by the people of a single state. They are given by the people of the United States, to a government whose laws, made in pursuance of the constitution, are declared to be supreme. Consequently, the people of a single state cannot confer a sovereignty which will extend over them. M'Culloch v. Maryland, 17 U.S. at 429.
Under the stated facts, the federal officials designated to serve as members or directors of New York State public benefit corporations are serving as officials of the federal government rather than in their personal capacities. For example, the United States Secretary of Transportation, who has been named as an ex officio director of the Penn Station Redevelopment Corporation, is appointed by the President, by and with the advice and consent of the Senate. 49 U.S.C.A § 102(b). Through the appointment process, the federal government has determined that whoever is appointed as the Secretary of Transportation is qualified to perform his or her duties. Therefore, under the above cases the State of New York cannot impose additional requirements upon the Secretary of Transportation, who is serving in his/her federal capacity as a director of the Penn Station Redevelopment Corporation. Accordingly, the State of New York may not impose its financial disclosure requirement on federal officials, serving as members and/or directors of New York State public benefit corporations, pursuant to their federal positions, to monitor federal funds.1
In any event, it is unlikely that the financial disclosure requirement of section 73-a was ever meant to encompass federal officials serving in their federal capacity to monitor federal funds. The requirement of financial disclosure, which is part of the New York State Ethics in Government Act of 1987, was instituted "in response to revelations of corruption in the New York City and State government that arose in 1985 and 1986, and the resulting public demand for increased scrutiny and accountability of public officials". Tristram J. Coffin, The New YorkState Ethics in Government Act of 1987: A Critical Evaluation, 22 Columbia J.L. Soc. Probs. 269, 270 (1989). The requirement was designed to ensure that "New Yorkers [could] have . . . confidence in the integrity of their public servants". Public Papers of Governor Cuomo, January 1, 1989. Therefore, federal officials serving as members or directors of New York State public benefit corporations in their federal capacities do not fall within the coverage of the Act as indicated by its legislative history, nor could they be covered by the Act without violating the principles of supremacy.
Moreover, the Public Officers Law specifically excludes members or directors of multi-state authorities from the financial disclosure requirement.2 This is a further indication that New York never intended to impose its financial disclosure requirement on federal officials, representing the federal government as members and/or directors of New York State public benefit corporations.
We conclude that the State of New York may not impose its requirement of financial disclosure on federal officials serving as members or directors of New York State public benefit corporations in their federal capacities to monitor federal funds, even though these officials have been deemed "policy makers". Accordingly, such federal officials are not required to file financial disclosure statements.
Very truly yours,
DENNIS C. VACCO
Attorney General