# LESLIE MILLER, INC., *v.* ARKANSAS.

No. 51. Argued December 5–6, 1956.—Decided December 17, 1956.

*Leffel Gentry* argued the cause and filed a brief for appellant.

By special leave of Court, *John F. Davis* argued the cause for the United States, as *amicus curiae,* urging reversal. On the brief were *Solicitor General Rankin, Assistant Attorney General Doub* and *Melvin Richter.*

*William J. Smith* argued the cause for appellee. With him on the brief were *Tom Gentry,* Attorney General of Arkansas, and *Thorp Thomas,* Assistant Attorney General.

Per Curiam.

Appellant submitted a bid in May 1954 for construction of facilities at an Air Force Base in Arkansas over

which the United States had not acquired jurisdiction pursuant to 54 Stat. 19, 40 U. S. C. § 255. The United States accepted appellant's bid, and in June appellant began work on the project. In September, the State of Arkansas filed an information accusing appellant of violation of Ark. Stat., 1947, §§ 71–701 through 71–721, for submitting a bid, executing a contract, and commencing work as a contractor in the State of Arkansas without having obtained a license under Arkansas law for such activity from its Contractors Licensing Board. The case was tried on stipulated facts. Appellant was found guilty and fined. The trial court's judgment was affirmed by the Arkansas Supreme Court, 225 Ark. 285, 281 S. W. 2d 946, and the case came here on appeal. 351 U. S. 948. Appellant and the United States as *amicus curiae* contend that the application of the Arkansas statute to this contractor interferes with the Federal Government's power to select contractors and schedule construction and is in conflict with the federal law regulating procurement.

Congress provided in § 3 of the Armed Services Procurement Act of 1947, 62 Stat. 21, 23, 41 U. S. C. § 152, that awards on advertised bids "shall be made . . . to that responsible bidder whose bid, conforming to the invitation for bids, will be most advantageous to the Government, price and other factors considered . . . ." The report from the Committee on Armed Services of the House of Representatives indicated some of the factors to be considered: "The question whether a particular bidder is a 'responsible bidder' requires sound business judgment, and involves an evaluation of the bidder's experience, facilities, technical organization, reputation, financial resources, and other factors." H. R. Rep. No. 109, 80th Cong., 1st Sess. 18; see S. Rep. No. 571, 80th Cong., 1st Sess. 16. The Armed Services Procurement Regulations,

promulgated under the Act, set forth a list of guiding considerations, defining a responsible contractor as one who

> "(a) Is a manufacturer, construction contractor, or regular dealer . . . .
>
> "(b) Has adequate financial resources, or ability to secure such resources;
>
> "(c) Has the necessary experience, organization, and technical qualifications, and has or can acquire the necessary facilities (including probable subcontractor arrangements) to perform the proposed contract;
>
> "(d) Is able to comply with the required delivery or performance schedule (taking into consideration all existing business commitments);
>
> "(e) Has a satisfactory record of performance, integrity, judgment, and skills; and
>
> "(f) Is otherwise qualified and eligible to receive an award under applicable laws and regulations." 32 CFR § 1.307; see also 32 CFR § 2.406-3.

Under the Arkansas licensing law similar factors are set forth to guide the Contractors Licensing Board:

> "The Board, in determining the qualifications of any applicant for original license . . . shall, among other things, consider the following: (a) experience, (b) ability, (c) character, (d) the manner of performance of previous contracts, (e) financial condition, (f) equipment, (g) any other fact tending to show ability and willingness to conserve the public health and safety, and (h) default in complying with the provisions of this act . . . or any other law of the State. . . ." Ark. Stat., 1947, § 71–709.

Mere enumeration of the similar grounds for licensing under the state statute and for finding "responsibility" under the federal statute and regulations is sufficient to

indicate conflict between this license requirement which Arkansas places on a federal contractor and the action which Congress and the Department of Defense have taken to insure the reliability of persons and companies contracting with the Federal Government. Subjecting a federal contractor to the Arkansas contractor license requirements would give the State's licensing board a virtual power of review over the federal determination of "responsibility" and would thus frustrate the expressed federal policy of selecting the lowest responsible bidder. In view of the federal statute and regulations, the rationale of *Johnson* v. *Maryland*, 254 U. S. 51, 57, is applicable:

> "It seems to us that the immunity of the instruments of the United States from state control in the performance of their duties extends to a requirement that they desist from performance until they satisfy a state officer upon examination that they are competent for a necessary part of them and pay a fee for permission to go on. Such a requirement does not merely touch the Government servants remotely by a general rule of conduct; it lays hold of them in their specific attempt to obey orders and requires qualifications in addition to those that the Government has pronounced sufficient. It is the duty of the Department to employ persons competent for their work and that duty it must be presumed has been performed. . . ."

The judgment of the Supreme Court of Arkansas is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*