**IOWA PUBLIC SERVICE COMPANY, Appellant,**

v.

**IOWA STATE COMMMERCE COMMIS- SION; Dick A. Witt, Frank B. Means and Bernard J. Martin, Chairman and Commissioners of the Iowa State Commerce Commission; Arnold E. Aldrich; G. J. Cheney; Floyd E. Dominy; Stewart L. Udall; and the U. S. Bureau of Reclamation, Appellees.**

**No. 19281.**

United States Court of Appeals Eighth Circuit.

March 5, 1969.

Thomas N. Bolton, Des Moines, Iowa, for appellee, Iowa State Commerce Commission; Leo J. Steffen, Jr., Des Moines, Iowa, with him on the brief.

John C. Eldridge, Atty., Dept. of Justice, Washington, D. C., for appellee U. S. Bureau of Reclamation. Brief of appellees Arnold E. Aldrick, G. J. Cheney, Floyd E. Dominy, Stewart L. Udall, and the United States Bureau of Reclamation was filed by Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander and Daniel Joseph, Attys., Dept. of Justice, Washington, D. C., and James P. Rielly, U. S. Atty., Des Moines, Iowa.

Before GIBSON and LAY, Circuit Judges, and HARPER, Chief District Judge.

FLOYD R. GIBSON, Circuit Judge.

The plaintiff, Iowa Public Service Company (hereinafter "Company"), sought to restrain the United States government acting through its employees and agents from disposing of electrical power, generated at federal hydroelectric installations constructed as part of a flood control project, to certain Iowa municipalities. It filed a complaint with the Iowa State Commerce Commission (hereinafter "Iowa Commission") alleging the proposed sale of electric power to certain municipalities being served by the Company to be in violation of Iowa law. The Company viewed the federal officers and agents [1] as a public utility subject to the jurisdiction of the Iowa Commission.

The Iowa Commission investigated and processed the complaint but did not afford the Company a hearing. Its Order of February 6, 1967 made specific findings of fact and conclusions of law fully disposing of the Company's contentions and dismissed the complaint.[2]

The Company appealed the Order to the Iowa District Court, naming as de-

Dewie J. Gaul, Sioux City, Iowa, for appellant; Geo. F. Davis, and Jack F. Kinney, Sioux City, Iowa, with him on the brief and reply brief.

1. The federal officers and agency listed as defendants are: Stewart L. Udall, Secretary of the Interior; Floyd E. Dominy, Commissioner of the Bureau of Reclamation; Arnold E. Aldrich, Regional Director of the Bureau; G. J. Cheney, Assistant Regional Director; and the U. S. Bureau of Reclamation.

2. The Iowa Commission Order reads:
  "Now, this matter comes to the attention of this Commission on the complaint filed by Iowa Public Service

fendants in addition to the federal officers and the U. S. Bureau of Reclamation, the Iowa Commission and its members. This cause was then removed to the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. § 1442(a) (1).[3]

The United States District Court, the Honorable William C. Hanson, on motion, dismissed the complaint, upholding the action of the Iowa Commission and further finding no lack of due process, as contended by the Company, in the Iowa Commission proceedings.[4] A timely appeal was filed by the Company. We affirm the decision of the District Court.

We have reviewed the Order of the Iowa Commission and the contentions of the Company, including lack of due proc-ess relative thereto, and are of the opinion that the findings, both factual and legal, of the Iowa Commission are entirely proper and that the procedure utilized was warranted under Iowa law and does not contravene federal constitutional requirements. We deem it unnecessary to discuss in detail the findings of the Iowa Commission and all of the contentions of the Company as we think this suit must be dismissed (and the judgment of the District Court affirmed) for at least two reasons.

■ 1. The activities of the federal officials and the United States Bureau of Reclamation, which is merely an organizational division of the Department of the Interior, in offering to furnish hydroelectric power by virtue of congres-

---

Company on October 11, 1966, a letter received from the United States Department of Interior filed December 7, 1966, and a letter Reply of Complainant Company filed December 19, 1966, and the Commission being fully advised in the premises finds:

"1. That the Respondent, United States Bureau of Reclamation, is not a public utility as defined by Sec. 490A.1, Code of Iowa, 1966.

"2. That the acts of the Respondents complained of are authorized by the Constitution and Laws of the United States and are outside the regulatory jurisdiction of this Commission.

"3. That even if the United States Bureau of Reclamation were a public utility as defined by Sec. 490A.1, the extensions of service complained of are specifically exempted from the provisions of Sec. 490A.24, Code of Iowa, 1966.

"4. That the Commission is satisfied with respect to the Complaint.

"5. That there are no reasonable grounds for investigating said Complaint.

"It is Therefore Ordered, that the Complaint be, and it is hereby dismissed."

3. 28 U.S.C. § 1442(a) (1) reads:
"(a) A civil action * * * commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *."

Note that when an action is brought against a federal officer as contemplated by 28 U.S.C. § 1442, the federal officer alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court. Allman v. Hanley, 302 F.2d 559, 562 (5 Cir. 1962); Perez v. Rhiddlehoover, 247 F.Supp. 65, 70 (E.D.La.1965).

4. Judge Hanson disposed of the due process issue with the following analysis:
"Where the Complaint in every aspect affords without question sufficient allegations when taken as true will support a finding, and where there has been sufficient participation for adjudication, there would seem to be no denial of due process. Certainly in this instance, with the record that was before the Commission, they could determine whether or not the respondent, U. S. Bureau of Reclamation, came within the definition of public utility under the Iowa Code as a matter of law. This they have done. They have further held that the acts of the respondent having been authorized by the Constitution and laws of the United States are outside their regulatory jurisdiction. And if the Commission should determine that this matter is beyond their jurisdiction, the Court has no doubt that there was sufficient admitted matter within the confines of the Complaint to make such a ruling."

sional authority expressed in 43 U.S.C. § 485h(c) [5] and § 9(c) of the Flood Control Act of 1944, 58 Stat. 887, 891,[6] are protected by the Supremacy Clause of the United States Constitution, Article VI, from interference by state regulation or control.

2. This is an unconsented suit against the federal government, a sovereign power.

## I.

■ A state does not possess the power to interfere with or to condition the operation of federal policies constitutionally mandated by Congress. The Supremacy Clause of Article VI of the United States Constitution reads:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; * * * shall be the supreme Law of the Land; and the Judges in every State shall be be bound thereby, *any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.*" (Emphasis added.)

Chief Justice Marshall in McCulloch v. Maryland, 4 Wheat. 316, 17 U.S. 316, 436, 4 L.Ed. 579 (1819) *gave a literal* interpretation of the Supremacy Clause:

" * * * [T]he states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared."

Later applications of the Supremacy Clause amplify its pervasiveness. Nash v. Florida Industrial Commission, 389 U.S. 235, 240, 88 S.Ct. 362, 366, 19 L.Ed. 2d 438 (1967), held unconstitutional a Florida statute which withheld unemployment insurance from discharged employees who filed unfair labor practice charges, stating: "[W]e but follow the unbroken rule that has come down through the years", citing *McCulloch v. Maryland,* supra. Accord, Leslie Miller, Inc. v. Arkansas, 352 U.S. 187, 77 S.Ct. 257, 1 L.Ed.2d 231 (1956).

In Public Utilities Commission of California v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958), the Court held a state statute requiring state Commission approval of negotiated intrastate rates for shipment of personal property unconstitutional as applied to shipments of federal property. Under federal law procurement officers were *authorized to negotiate reduced rates.* Under California law the reduced rates could only be operative if the state Commission approved. The Court held the California provision must give way to federal law, again quoting McCulloch v. Maryland, at 544 of 355 U.S., at 453 of 78 S.Ct.:

" 'It is of the very essence of supremacy to remove all obstacles to its action within its own sphere, and so to modify every power vested in subordinate governments, as to exempt its own operations from their own influence.' "

The Court further stated at 544 of 355 U.S., at 453 of 78 S.Ct.: "The conflict [between the federal policy of negotiated

---

5. The Federal Reclamation Laws are found at 43 U.S.C. § 371 *et. seq.*, and § 485h(c) provides in relevant part:
"Any sale of electric power or lease of power privileges, made by the Secretary in connection with the operation of any project or division of a project, shall be for such periods, not to exceed forty years, and at such rates as in his judgment will produce power revenues at least sufficient to cover an appropriate share of the annual opera-

tion and maintenance cost * * *. [I]n said sales or leases preference shall be given to municipalities and other public corporations or agencies * * *."

6. In pertinent part: " * * * [T]he reclamation and power developments to be undertaken by the Secretary of the Interior under said plans [plans approved for construction pursuant to the Act] shall be governed by the Federal Reclamation Laws * * *."

rates and the state policy of regulation of negotiated rates] seems to us to be as clear as any that the Supremacy Clause, Art. VI, cl. 2, of the Constitution was designed to resolve."

Penn Dairies, Inc. v. Milk Control Commission of Pennsylvania, 318 U.S. 261, 63 S.Ct. 617, 87 L.Ed. 748 (1943) relied on by the Company is inapposite. There a state regulation set the minimum price at which private contractors could sell milk to the government. The Court noted that those who contract to furnish supplies or render services to the government are not governmental agencies and do not perform governmental functions, and held the state regulation "imposes no prohibition on the national government or its officers." 269–270 of 318 U.S., 621 of 63 S.Ct.

The Company does not challenge the constitutional authority of Congress to pass the Flood Control Act of 1944 with its provision for the disposal of electrical energy. See, Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 330–340, 56 S.Ct. 466, 80 L.Ed. 688 (1936). The United States government in selling this electrical energy is free to do so without direction or control by state law or regulation.

## II.

■■ The principle of a sovereign's immunity from suit needs no elaboration. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); Konecny v. United States, 388 F.2d 59, 62 (8 Cir. 1967), and cases cited. The Company cites no statute authorizing the present action, and we find none.

The contention of the Company that it is not seeking to restrain the federal government but only federal officials is wholly lacking in substance. There is no claim that the federal defendants are acting beyond or in excess of their statutory authority. Where individual federal officials are sued, the test applied in determining whether the suit is directed

against the sovereign is cogently set forth in Larson, War Assets Administrator and Surplus Property Administrator v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949):

"In each such case the question is directly posed as to whether, by obtaining relief against the officer, relief will not, in effect, be obtained against the sovereign. For the sovereign can act only through agents and, when an agent's actions are restrained, the sovereign itself may, through him, be restrained."

And, in Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963):

"The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738 [67 S.Ct. 1009, 1012, 91 L.Ed. 1209] (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., *supra* [337 U.S.] at 704 [69 S.Ct. at 1468, 93 L.Ed. 1628]; Ex parte New York, 256 U.S. 490, 502 [41 S.Ct. 588, 591, 65 L.Ed. 1057] (1921)."

And, in Hawaii v. Gordon, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963): "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."

This is clearly a suit against the United States. Here the direct effect of the relief sought by the Company would be to restrain the United States, through the Bureau of Reclamation of the Department of the Interior, from carrying out the congressional mandate of the Flood Control Act of 1944 to sell power generated at federal projects to municipalities and also to deprive the United States of the proceeds that could be obtained for the power, proceeds in-

tended by Congress to be applied to the cost of the projects.

The suit by the Company is an unconsented suit against the United States and, as such, is subject to dismissal; and the suit must be dismissed because the Supremacy Clause of the Constitution commands that federal law is paramount to state law and regulatory policies in regard to the congressionally mandated activity of the federal defendants.

Judgment affirmed.