R.J. MCMAHON, Commissioner of Savings and Loan of Wisconsin
You inform me that the Federal Home Loan Bank of Chicago has initiated a money-order service which it intends to make available to its members. You refer to a memorandum dated May 13, 1969, issued by the general counsel of the Federal Home Loan Bank Board of Chicago, which concludes that the Federal Home Loan Bank of Chicago and member federal associations in Wisconsin are immune from the requirements of ch. 217, Stats., which deals with the power of the Commissioner of Banking of Wisconsin to issue licenses to persons to engage in the business as a seller of checks.
You state that the Federal Home Loan Bank of Chicago is most desirous to have you, as Commissioner, issue certificates of authority to state-chartered savings and loan associations pursuant to sec. 215.13 (41), Stats. As Commissioner, you are concerned over a possible competitive advantage to federal savings and loan associations should such certificates of authority be not issued by you to state savings and loan associations.
You indicate that the business of seller of checks is fairly synonymous with the money-order business.
You ask, can the Commissioner of Savings and Loan issue a certificate of authority to a state-chartered savings and loan association to engage as an authorized agent for the Federal Home Loan Bank of Chicago in the business and functions provided for in ch. 217, Stats., pursuant to sec. 215.13 (41), Stats., when the Federal Home Loan Bank of Chicago is not licensed by the office of the Commissioner of Banking as provided in ch. 217, Stats. *Page 187 
Section 217.02 (9), Stats., defines seller of checks as:
"* * * a person who, as a service or for a fee or other consideration, engages in the business of selling and issuing checks or the receiving of money for transmission or the transmitting of money, or the transmitting of money to foreign countries, but does not include the business of a telegraph company in receiving money for immediate transmission by telegraph."
Chapter 217, Stats., specifies some certain exemptions. Section217.04, Stats., states that this chapter does not apply to:
"Exemptions. This chapter does not apply to:
"(1) Banks organized under the laws of this state or authorized to do business in this state with respect to checks sold in a bank;
"(2) Credit unions, with respect to checks sold in the credit union office, except as provided in s. 186.33;
"(3) Savings and loan associations with respect to checks sold in the savings and loan office, except as provided by s. 215.13
(41);
"(4) U.S. post-office money orders."
Section 215.13, Stats., deals with the powers of savings and loan associations and subsec. (41) provides that savings and loan associations are empowered:
"(41) Seller of checks. To engage as an authorized agent in the business and functions provided for in ch. 217 for their members upon receiving a certificate of authority from the commissioner. Such applicants shall be under the jurisdiction and supervision of the commissioner and meet the same requirements as other applicants under ch. 217, but no license or investigation fee shall be charged savings and loan association applicants. The commissioner has the authority to enforce ch. 217 as it applies to savings and loan associations, the same as that granted the commissioner of banks in enforcing ch. 217. The commissioner shall determine the records that shall be maintained and he shall require the segregation of such funds as is necessary for operations permitted savings and loan associations under this subsection and ch. 217." *Page 188 
It is of significance that the Federal Home Loan Bank of Chicago is not a national bank, but is an institution chartered under the Home Owners' Loan Act. Therefore, any requirements of the National Banking Act, e.g., requiring conformity to state and local policy on matters of branches and agencies, are not applicable to the Home Owners' Loan Act and institutions chartered thereunder. U.S. ex rel. State of Wis. v. First FederalSavings Loan Ass'n. (D.C. 1957), 151 F. Supp. 690, 248 F.2d 804, cert. denied, 78 S.Ct. 543.
Also, savings and loan associations are not banks. They are quasi-public corporations chartered to encourage thrift, promote ownership of homes, and are subject to strict supervision by the state. 50 OAG 38, 41 (1961)
As a preliminary to answering your question, I am constrained to conclude that the Federal Home Loan Bank of Chicago is, as a federal instrumentality, by virtue of the supremacy clause, immune from state legislation such as ch. 217, Stats., and thus is not required to obtain a license as a seller of checks.Railroad Co. v. Peniston (1873), 85 U.S. 5; Johnson v. Maryland
(1920), 254 U.S. 51; Leslie Miller, Inc. v. Arkansas (1956),352 U.S. 187.
Section 215.13 (41), Stats., gives the Commissioner of Savings and Loan broad powers to regulate savings and loan associations with respect to their activities as authorized agents to sell checks.
An "authorized agent" as defined by sec. 217.02 (3), Stats., is a person who is authorized by a licensee to sell its checks.
A "licensee" as defined by sec. 217.02 (2), Stats., is a person licensed under ch. 217, Stats.
A person, such as the Federal Home Loan Bank of Chicago, who is immune from the licensing requirements of ch. 217, Stats., is authorized to perform the same functions as a licensee. He is, in effect, able to conduct himself in Wisconsin as though he were a licensee, unless or until his activities pervade an area that is a proper subject of state regulation. The area of state-chartered savings and loan associations acting as authorized agents for sellers of checks, whether for licensees or constructive licensees by virtue of immunity, is a valid subject of state regulation. The permitting by the state of state-chartered associations to act as *Page 189 
agents for the federal instrumentality in no way interferes with or impairs the efficiency of the operations of such federal instrumentality, within the meaning of the cases cited above. Rather, such a relationship would be designed to facilitate and improve the efficiency of the operations of both entities.
Section 215.13 (41), Stats., clearly indicates that the legislature intended that the Commissioner of Savings and Loan should permit state-chartered associations to engage as authorized agents in the business of sellers of checks, provided they meet the requirements of ch. 217, Stats. It would be a strained and even absurd construction of the statute which said that the legislature intended that state-chartered savings and loan associations could only act as authorized agents for "licensed" sellers of checks but not for other perfectly legitimate and qualified sellers who, by virtue of the Federal Supremacy Clause, did not need a state license. Unreasonableness or absurdity is to be avoided in construing a statute. State v.Surma (1953), 263 Wis. 388, 57 N.W.2d 370.
Therefore, I conclude that the Commissioner of Savings and Loan may issue, pursuant to sec. 215.13 (41), Stats., a certificate of authority to a state-chartered savings and loan association to engage as an authorized agent for the Federal Home Loan Bank of Chicago, which is lawfully engaged in the business of a seller of checks.
RWW:JEA