

# The Attorney General of Texas

December 27, 1978

This Opinion
Overrules Opinic
H-110 all thing

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jackie L. Vaughan
Executive Director
Texas Amusement Machine Commission
7600 Chevy Chase Drive, Suite 402
Austin, Texas 78711

Opinion No. H-1307

Re: Application of Amusement Machine Tax in licensing requirements to machines located on certain military installations.

Dear Mr. Vaughan:

You have sought an opinion on the authority of the Texas Amusement Machine Commission to regulate and tax the machines on the four federal bases over which Texas and the federal government have concurrent jurisdiction. You state that the machines are either leased or owned by the nonappropriated fund instrumentalities, the Army and Air Force Exchange Service.

Coin-operated machines are regulated under chapter 13 of Title 122A, Taxation-General, V.T.C.S. Article 13.02 provides:

> (1) Every 'owner' . . . who owns, controls, possesses, exhibits, displays, or who permits to be exhibited or displayed in this State any 'coin-operated machine' shall pay, and there is hereby levied on each 'coin-operated machine', as defined herein in Article 13.01, except as are exempt herein, an annual occupation tax of $15.00.
>
> (2) Provided that the first money taken from each coin-operated machine each calendar year shall be paid to the owner to reimburse the payment of that year's annual occupation tax levied above and those levied by any city or county. No owner shall agree or contract or offer to agree to contract to waive this reimbursement either directly or indirectly. No owner shall agree or contract with a bailee or lessee of a coin-operated machine to compensate said bailee or lessee in excess of fifty percent (50%) of the gross receipts of such machine after the above reimbursement has been made. . . .

There are provisions for record keeping, licensing, and registration. Tax.–Gen. arts. 13.10, 13.17.

It is the view of the Department of Justice that these federal instrumentalities are constitutionally immune from state taxation and regulation.

The United States Supreme Court has determined that a state sales tax on liquor bought with nonappropriated funds by a post exchange located on a concurrent jurisdiction base was unconstitutional. U.S. v. Tax Comm'n of Mississippi, 421 U.S. 599 (1975). On this authority it is our opinion that the provisions of chapter 13 are unenforceable against post exchanges which own coin-operated machines. See McCulloch v. Maryland, 4 Wheat. 316 (1819); Johnson v. Maryland, 254 U.S. 51 (1920); 32 C.F.R. § 554.6 (1977).

We turn now to the applicability of chapter 13 to persons who lease machines to post exchanges. Generally, the states have authority to tax and otherwise regulate the conduct of contractors who do business with the federal government. Paul v. U.S., 371 U.S. 245 (1963); Penn Dairies Inc. v. Milk Control Comm'n, 318 U.S. 261 (1943); James v. Dravo Contracting Co., 302 U.S. 134 (1937); but see Leslie Miller, Inc. v. Arkansas, 352 U.S. 187 (1956). However, state law must yield to the extent it conflicts with federal law. U.S. Const. art. 6, cl. 2; Paul v. U.S., supra; Leslie Miller, Inc. v. Arkansas, supra; 32 C.F.R. § 554.6 (1977).

Federal regulations provide:

Procurement.

(b) Exchange procurement will be conducted on the basis of full and free competition to the maximum extent practicable, and consistent with the immunity of exchanges from State regulations and control. Award will be made to that responsive and responsible contractor whose offer is most advantageous to the exchange, price and other factors considered.

32 C.F.R. § 554.9(b) (1977). In that Texas law restricts the lessee to a maximum of 50% of the gross receipts and designates the first $15.00 as reimbursement it conflicts with section 554.9(b) and is unenforceable. See Standard Oil Co. v. Johnson, 316 U.S. 481 (1942).

Attorney General Opinion H-110 (1973) in which it was said that your commission's jurisdiction is complete with respect to nonappropriated fund activities on property not ceded to the United States is overruled to the extent it is inconsistent.

## S U M M A R Y

Federal post exchanges are wholly immune from chapter 13, Tax on Coin-operated Machines, Title 122A, Taxation-General.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn