

# The Attorney General of Texas

August 5, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Glenn V. Russell, PhD
Executive Secretary of the Board
Anatomical Board of the State of Texas
University of Texas Medical Branch
Galveston, Texas 77550

Opinion No. MW-219

Re: Whether publicly supported medical and dental schools are required to post a bond in order to receive cadavers from the State Anatomical Board

Dear Dr. Russell:

You have requested our opinion regarding the applicability of article 4588, V.T.C.S., to state and federal medical schools. That statute provides:

> No school, college, physician, or surgeon shall be allowed or permitted to receive any such [dead human] body or bodies until bond shall have been given to the State by such physician or surgeon, or by or in behalf of such school or college, to be approved by the clerk of the county court in and for the county in which such physician or surgeon may reside, or in which such school or college may be situated, and to be filed in the office of said clerk; which bond shall be in the penal sum of one thousand dollars, conditioned that all such bodies which the said physician or surgeon, or said college, shall receive thereafter shall be used, and that all experiments on the lower animals shall be conducted only for the promotion of medical science.

You first ask whether a state-supported medical school must post the requisite bond in order to receive cadavers.

It is generally acknowledged that, in the absence of a constitutional provision to the contrary, a state may impose a licensing requirement upon a political subdivision or agency of the state. 53 C.J.S., Licenses §6, at 472. Article 4588 does not by its terms except state-supported institutions from its coverage. In Attorney General Opinion H-464 (1974), this office held that the University of Texas could properly hold a mixed beverage permit issued by the Texas Alcoholic Beverage Commission. The opinion stated that:

It is not uncommon for a state agency or its employees to be required to be licensed by another agency. For example, drivers of state vehicles are not exempt from the requirements of obtaining a driver's license... State owned nursing homes are specifically required to be licensed.

In our opinion, the bond requirement of article 4588 is similar to the licensing provisions discussed in Attorney General Opinion H-464. Just as the possession of a mixed beverage permit, with its attendant cost, serves to bring the University of Texas within the regulatory ambit of the Alcoholic Beverage Commission for limited purposes, so the posting of the bond specified in the statute assists the regulatory agency, the Anatomical Board, in determining that cadavers received by a state medical school will be used "only for the promotion of medical science." We conclude, therefore, that article 4588 is fully applicable to state-supported medical schools.

With regard to a federally-operated facility, however, the result is different. In Leslie Miller, Inc. v. Arkansas, 352 U.S. 187 (1956), the Supreme Court, in holding that a state may not subject a federal contractor to state licensing requirements, quoted from its earlier opinion in Johnson v. Maryland, 254 U.S. 51, 57 (1920):

> . . . [T]he immunity of the instruments of the United States . . . in the performance of their duties extends to a requirement that they desist from performance until they satisfy a state officer . . . that they are competent for a necessary part of them and pay a fee for permission to go on.

352 U.S. at 190.

In Commonwealth of Kentucky Ex Rel. Hancock v. Ruckelshaus, 497 F. 2d 1172 (6th Cir., 1974), aff'd, 426 U.S. 167 (1976), the court held that a federal agency located in Kentucky was not required to obtain a permit from the state before operating an installation which generated air contaminants. In the absence of a clear Congressional intent to subject federal agencies to state regulation, the court said, the Supremacy Clause forbids application of the permit requirement. Since article 4588, V.T.C.S., may not constitutionally be applied to a federally-operated medical school we conclude that it is not applicable to such facilities. Accordingly, article 4588, V.T.C.S., is not applicable to any federally-operated medical school.

### S U M M A R Y

Article 4588, V.T.C.S., which requires every school, college, physician or surgeon to post a bond before receiving cadavers from the Anatomical Board, is applicable to state-supported medical schools but not to federally-operated medical schools.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Ann Kraatz