699 F.Supp. 835 (1988)
UNITED STATES of America (Army Corps of Engineers)
v.
The STATE OF MONTANA.
No. CV-87-127-GF.
United States District Court, D. Montana, Great Falls Division.
October 21, 1988.
*836 George F. Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., for plaintiff.
Mike Greely, Atty. Gen., State of Mont., Raymond W. Brault, Geoffrey L. Brazier, Brinton B. Markle, Staff Attys., Dept. of Commerce, Helena, Mont., for defendant.

MEMORANDUM AND ORDER
HATFIELD, District Judge.
The plaintiff, United States of America, brings this action for declaratory and injunctive relief, challenging the constitutional propriety of the application by the State of Montana of that entity's building codes, and regulations promulgated thereunder, to construction projects upon federal military installations. The United States contends the application of those codes, together with the concomitant imposition of permit requirements and fees, constitutes impermissible state regulation and taxation of the United States in violation of the supremacy clause of the United States Constitution. The matter is presently before the court upon the parties' cross-motions for summary judgment.
The motions for summary judgment were referred to the United States Magistrate for the District of Montana for a recommended decision in accordance with 28 U.S.C. § 636(b). In his report to the court, the magistrate concludes the enforcement of the building codes of the State of Montana to construction projects undertaken by the United States on its military installations, and collection of permit fees related thereto, would constitute impermissible regulation of the federal government in violation of the supremacy clause of the United States Constitution. Accordingly, the magistrate recommends to this court that summary judgment be entered in favor of the United States as a matter of law pursuant to Fed.R.Civ.P. 56. In accordance with the prescription of 28 U.S.C. § 636(b)(1), the State of Montana filed its written objections to the magistrate's report. This court now undertakes to render a de novo determination of those portions of the report to which the State of Montana has taken objection.
Having conducted a de novo review of those portions of the magistrate's findings and recommendation to which written objections have been entered, the court is compelled to enter JUDGMENT, as a matter of law, in favor of the United States upon the ground that the State of Montana's application of its building codes, and imposition of the fees related thereto, constitute impermissible regulation and taxation of the United States in violation of the supremacy clause of the United States Constitution.

BACKGROUND
This declaratory judgment action has its genesis in a controversy which has arisen between the United States of America and the State of Montana regarding the propriety of the latter entity's attempt to enforce its building codes on construction projects undertaken by the United States at federal military installations located in the State of Montana, specifically the Conrad Air Force Station and the Malmstrom Air Force Base.
The parties agree there exist no genuine issues of material fact regarding the State of Montana's attempted enforcement of the building codes with respect to the construction projects of the United States. In short, commencing early in 1987, the State of Montana, through the state plumbing and electrical inspectors, issued compliance notices to the plumbing and electrical subcontractors engaged in a construction project at the Conrad Air Force Station. In response, the United States Army Corps of Engineers, the entity charged with supervision of the construction project, filed the appropriate permit application and fees with the Building Codes Bureau, Montana Department of Commerce, indicating that the fees were being paid under protest. Thereafter, the United States instituted the present action seeking a declaration that the building codes of the State of Montana do not apply to construction on federal military installations in Montana, when such construction is solely owned by the United States, and is for the sole use of the *837 United States. The United States requests the court to enter an order enjoining the State of Montana from issuing stop work orders, imposing fines, or otherwise interfering with construction by the United States Army Corps of Engineers and private construction companies at Conrad Air Force Station and Malmstrom Air Force Base. The United States also seeks a refund of the various fees which the United States and its contractors have paid to the State of Montana under protest. The pleadings of the United States have been amended, by acquiescence, to include a similar declaration with respect to construction projects at the Montana Air National Guard facilities located in the State of Montana.

ANALYSIS
The State of Montana takes issue with the magistrate's conclusion that application of its building codes to construction projects on federal military installations violates the supremacy clause of the United States Constitution. The State concedes, as it must, that the several states may not tax or regulate the United States. The State takes the position, however, that application of its building codes, together with imposition of the concomitant permit fees, upon private contractors enlisted by the United States to undertake the subject construction, distinguishes the situation sub judice from those where the United States performs its functions directly or through its own officers and employees. Assuming the validity of its premise, the State submits the application of the building codes upon projects undertaken by private contractors is simply a legitimate exercise of the state's police power. The court disagrees.
Absent congressional consent, the property and functions of the United States are immune from regulation or taxation by the several states. McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819); United States v. Tax Commissioner of Mississippi, 421 U.S. 599, 95 S.Ct. 1872, 44 L.Ed.2d 404 (1975). The controlling general principles regarding the constitutional immunity of the United States from regulation by the several states are succinctly set forth in Hancock v. Train, 426 U.S. 167, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1975). Emphasizing the supremacy clause vests Congress with the exclusive legislative authority over federal enclaves purchased with the consent of a state, the Court in Hancock reiterated the words of Justice Holmes in Johnson v. Maryland, 254 U.S. 51, 57, 41 S.Ct. 16, 16-17, 65 L.Ed. 126 (1920), that "[t]he immunity of the instruments of the United States from state control in the performance of their duties extends to a requirement that they desist from performance until they satisfy a state officer upon examination that they are competent for a necessary part of them...." 426 U.S. at 179, 96 S.Ct. at 2012. The Court further explained that unless Congress affirmatively declares its instrumentalities or property subject to state regulation, "the federal function must be left free of regulation ... [b]ecause of the fundamental importance of the principles shielding federal installations and activities from regulation by the States, an authorization of state regulation is found only when and to the extent there is a `clear congressional mandate,' `specific congressional action' that makes this authorization of state regulation `clear and unambiguous.'" 426 U.S. at 179, 96 S.Ct. at 2013.
Consistent with the principle of immunity, the Court in Arizona v. California, 283 U.S. 423, 51 S.Ct. 522, 75 L.Ed. 1154 (1931), emphasizing that the United States must be free to perform its functions without conforming to the police regulations of a state, held that the United States was under no obligation to submit the plans and specifications of the Boulder Dam construction project to the State of Arizona for approval. Id. at 451-452, 51 S.Ct. at 524-25. In that same vein, the Court, in Leslie Miller, Inc. v. Arkansas, 352 U.S. 187, 77 S.Ct. 257, 1 L.Ed.2d 231 (1956), recognized that where state standards regulating contractors conflict with federal standards for contractors in the service of the United States, imposition of the former upon those contractors would impermissibly interfere with the performance of federal governmental *838 functions in violation of the supremacy clause.
The court is not unmindful, however, that neither the supremacy clause nor the plenary powers clause bars all state regulation which may touch the activities of the Federal Government. See, Hancock v. Train, 426 U.S. at 179, 96 S.Ct. at 2012-13. As recognized by the Supreme Court in Penn Dairies v. Milk Control Commission, 318 U.S. 261, 63 S.Ct. 617, 87 L.Ed. 748 (1943):
[t]hose who contract to furnish supplies or render services to the government are not such agencies and do not perform governmental functions (citations omitted), and the mere fact that non-discriminatory taxation or regulation of the contractor imposes an increased economic burden on the government is no longer regarded as bringing the contractor within any implied immunity of the government from state taxation or regulation. (citations omitted)
Id. at 269-270, 63 S.Ct. at 621.
The determinative inquiry as to whether application of a state regulation to a contractor hired by the United States is prohibited hinges on whether the regulation places a prohibition on the United States. See, California Public Utilities Commission v. United States, 355 U.S. 534, 544, 78 S.Ct. 446, 453, 2 L.Ed.2d 470 (1958).
To the extent the State of Montana, by the enforcement of its building codes, is attempting to exercise authority over the plans and specifications for construction projects at federal military installations, the conflict is indistinguishable from the conflict presented in Arizona v. California, 283 U.S. 423, 451, 51 S.Ct. 522, 524-25. Likewise, to the extent the State of Montana seeks to impose its construction standards upon the United States, the conflict is the same as that addressed in Leslie Miller, Inc. v. Arkansas, 352 U.S. 187, 77 S.Ct. 257. There remains the question, however, whether the State of Montana may, nonetheless, exact a building permit fee from a private contractor in service to the United States with respect to the construction projects upon a federal military installation.
Where the imposition of a particular fee is challenged as violative of the supremacy clause, the question to be addressed is whether the fee serves to lay a direct burden upon the United States.[1]See, James v. Dravo Contracting Company, 302 U.S. 134, 149-155, 58 S.Ct. 208, 216-19, 82 L.Ed. 155 (1937). If the burden of a fee interferes in any substantial way with the performance of federal functions it is not a valid exaction. See, James v. Dravo Contracting Company, 302 U.S. at 161, 58 S.Ct. at 221. In assessing whether exaction of the fees at issue in the case at bar place a direct burden upon the United States, the court is mindful of the Court's observation in Metcalf and Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384 (1926), with respect to the limitation placed upon the United States and the several states to tax one another: "[the limitation] must receive a practical construction which permits both to function with the minimum of interference each with the other; and that limitation cannot be so varied or extended as seriously to impair either the taxing power of the government imposing the tax ... or the appropriate exercise of the functions of the government affected by it." 269 U.S. at 524, 46 S.Ct. at 174-75. In striking the proper balance between these competing concerns, the Supreme Court has recognized and enforced the distinction between a tax or fee laid directly upon a government contract or an instrumentality of the United States and a tax or fee laid upon the property employed by an agent or contractor in performing services for the United States. James v. Dravo Contracting Company, 302 U.S. at 153, 58 S.Ct. at 218, citing, Thomson v. Pacific Railroad, 76 U.S. (9 Wall.) 579, 591, 19 L.Ed. 792 (1869).
It is true, as the State of Montana suggests, that the Constitution does not extend sovereign exemption from state taxation to corporations or individuals, contracting *839 with the United States, merely because their activities are useful to the government. Esso Standard Oil Company v. Evans, 345 U.S. 495, 500, 73 S.Ct. 800, 802-03, 97 L.Ed. 1174 (1953). The mere fact that the imposition of a particular tax or fee may ultimately burden the United States financially does not provide a sufficient basis to invalidate the tax as violative of the supremacy clause. However, where a tax or fee constitutes a "money exaction the payment of which, if they are enforceable would be required before executing a function of government", such a tax or fee is prohibited by the supremacy clause. Mayo v. United States, 319 U.S. 441, 447, 63 S.Ct. 1137, 1140-41, 87 L.Ed. 1504 (1943). Contrary to the assertion of the State of Montana, the permit fees at issue here are not tantamount to a permissible taxation of the property of a private contractor in contractual relationship with the United States. Rather, the fees are, in effect, applied directly against the property of the United States and must be satisfied before work can proceed. Consequently, the fees place a direct burden upon the United States in the execution of its governmental functions in violation of the supremacy clause.
Therefore, for the reasons set forth both herein and in the report of the United States Magistrate filed with this court on August 23, 1988,
IT IS HEREBY ORDERED that the motion for summary judgment of the plaintiff, United States of America, be, and the same hereby is, GRANTED; and the motion for summary judgment of the defendant, State of Montana, accordingly, DENIED.
NOTES
[1] While the parties vigorously discuss whether or not the "permit fees" are properly considered taxes, the court views the distinction of no relevance to the present controversy.