Dear State Representative Peterson
¶ 0 This office has received your letter requesting an official Attorney General Opinion in which you ask, in effect, the following question:
Does 57 O.S. Supp. 2000, § 563.2, which authorizes privateprison contractors having contracts with the federal governmentto house medium or minimum security level inmates not havinghistories of escape or rioting, but not pre-trial detainees, runafoul of the Supremacy Clause of the United States Constitution?
¶ 1 Section 561(A) of Title 57 of the Oklahoma Statutes provides for the incarceration of inmates under the supervision of the Department of Corrections at facilities other than those operated by the Department of Corrections. In addition, Section 563.2 authorizes private prison contractors to contract with other states and the federal government to provide for housing, care and control of certain inmates.[1] Id. (emphasis added). Title 57 O.S. Supp. 2000, § 563.2[57-563.2] provides in pertinent part:
 A. A private prison contractor may contract with the federal government or another state to provide for housing, care and control of minimum or medium security level inmates, as provided in this section, who are in the custody of the United States or another state, who do not have histories of escape from medium or maximum security level correctional facilities for adults, who do not have histories of rioting, and who are sentenced to terms of incarceration for conviction of a felony, other than a felony that would be a capital offense if committed in this state or a sex-related offense, or who are sentenced to federal or state facilities for conviction of a misdemeanor, other than a sex-related offense, within a facility owned or operated by the private prison contractor.
Id.
¶ 2 On its face Section 563.2 limits contracts with the federal government and other states to minimum or medium security level inmates not having histories of escape or rioting. Housing of pre-trial detainees is not authorized. You have asked this office to determine whether Section 563.2, as applied to the federal government's power to contract with private prison contractors to house pre-trial detainees,[2] Id. (emphasis added) violates the Supremacy Clause of the United States Constitution.
¶ 3 Absent Congressional consent, direct state regulation of the activities of the federal government is barred by the Supremacy Clause. The Supremacy Clause of our federal Constitution provides that the United States Constitution and laws enacted pursuant to its authority are the supreme law of our country, controlling over the laws of the respective states. U.S. Const. art. VI, cl. 2. From this key principle in our system of federalism is derived the idea of an implied constitutional immunity of the federal government from state regulation.Hancock v. Train, 426 U.S. 167, 179 (1976). In Hancock, the immunity was described as follows:
 Because of the fundamental importance of the principles shielding federal installations and activities from regulation by the States, an authorization of state regulation is found only when and to the extent there is "a clear congressional mandate," "specific congressional action" that makes this authorization of state regulation "clear and unambiguous."
Id. (footnotes omitted).
¶ 4 The federal governmental immunity from state regulation extends to the performance of governmental activities or functions by federal instrumentalities, officers, and agents.Penn Dairies, Inc. v. Milk Control Comm'n, 318 U.S. 261, 269
(1943) (citations omitted).
¶ 5 In Penn Dairies, the United States Supreme Court considered whether the minimum price regulations of the Pennsylvania Milk Control law could be applied constitutionally to the sale of milk by a dealer to a United States military encampment. In upholding the application of the price regulations, the Court found no "impairment of federal authority." Id. at 270. The Court further recognized that:
 Since the Constitution has left Congress free to set aside local taxation and regulation of government contractors which burden the national government, we see no basis for implying from the Constitution alone a restriction upon such regulation which Congress has not seen fit to impose, unless the regulations are shown to be inconsistent with Congressional policy.
Id. at 271.
¶ 6 It follows from the rationale of the Court, as expressed inPenn Dairies, that when Congress has not acted to exercise its exclusive jurisdiction in providing certain services, state regulation of an independent contractor who provides such services does not infringe upon federal governmental immunity from such regulation. The Penn Dairies case followed the Court's holding in James Stewart Co. v. Sadrakula,309 U.S. 94 (1940). Penn Dairies at 270. James Stewart is another public safety case. It held the contractor on a federal post office job must comply with the safety requirements of the State of New York requiring that open steel tiers be boarded over to protect workers. James Stewart, 309 U.S. at 436. State regulation of such an independent contractor is not precluded by the immunity of the federal government, because such a contractor is not a federal instrumentality and thus does not share in the governmental immunity. Id. at 437. An exception to this rule would lie when a regulation is in direct interference with a governmental function or some congressional policy. Id. For instance, in Hancock an attempted regulation by the Kentucky Air Pollution Control Commission, which would have required federally owned and operated facilities to secure operating permits as air contaminant sources, was found to be an unconstitutional prohibition placed upon the United States government. The permit requirements, which prohibited operation of installations without a permit, was found inapplicable by the Court because enforcement of such a regulation would have prohibited operation of the federal installation upon which the air contaminant sources were located. Hancock,426 U.S. at 180 (citation omitted).
¶ 7 In cases such as the one proposed in your letter, application of the Supremacy Clause requires a balancing of the state and local interests in enforcing state regulations against the federal government's interest in opposing the regulation.See Leslie Miller, Inc. v. Arkansas, 352 U.S. 187 (1956).
¶ 8 The federal government has, in fact, recognized that separation of certain populations of prisoners is preferred. Title 18 U.S.C. § 3142 (1996) states in part:
 (a) In general. — Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be —
. . . .
(4) detained under subsection (e) of this section.
. . . .
 (e) Detention. — If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.
. . . .
 (i) Contents of detention order. — In a detention order issued under subsection (e) of this section, the judicial officer shall —
. . . .
 (2) direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal[.]
Id. (emphasis added).
¶ 9 Private prison contractors are regulated by the State of Oklahoma to protect its citizenry. In addition to the requirements found in 57 O.S. Supp. 2000, § 563.2[57-563.2], the State specifically regulates private prison contractors contracting with entities other than the State of Oklahoma. Title 57 O.S.1991, § 563.3[57-563.3] provides in pertinent part:
 A. A private prison contractor which does not have a contract with the Department of Corrections, but which houses federal inmates or inmates of another state, within two (2) months of commencing operations and thereafter as required by the Department of Corrections, shall:
 1. Obtain from the Department of Corrections approval of the internal and perimeter security of the facility of the private prison contractor. Such approval shall be given only if the Director of the Department of Corrections determines that the security is adequate to protect the public;
 2. Show, to the satisfaction of the Department of Corrections, that adequate food, housing and medical care shall be available for inmates, that the facility will have the necessary qualified personnel to operate the facility, that the financial condition of the private prison contractor is such that the facility can be operated adequately, and that the facility has the ability to comply with applicable court orders and American Correctional Association standards[.]
Id.
¶ 10 In this case, the federal government's interest in housing pre-trial detainees with private contractors would be balanced against the State's interest in regulating private prisons to protect the citizenry of the State. Enforcement of the substance of the State requirements against private prison contractors would not have the effect of a direct enforcement against the government. It would instead require private prison contractors to meet certain requirements in housing all inmates. As was true in the Penn Dairies and James Stewart cases, the State regulations may be enforced against government contractors. Application of the particular State regulations merely requires the government's contractor to comply with the same rules applicable to all private prison contractors. The impact of the State regulation on the federal government's interest is, in this case, incidental. The impact of the State regulation does not fall directly on the federal government and, for that reason, does not run afoul of the Supremacy Clause of the United States Constitution.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 57 O.S. Supp. 2000, § 563.2, which authorizesprivate prison contractors to house federal medium or minimumsecurity level inmates, but not pre-trial detainees, does not runafoul of the Supremacy Clause of the United States Constitution.
W.A. DREW EDMONDSON Attorney General of Oklahoma DOUGLAS F. PRICE Assistant Attorney General
[1] Federal law authorizes the United States Attorney General to contract with private entities for the housing, care, and security of persons held in the custody of the United States. Section 4013 of Title 18 of the United States Code provides in pertinent part:
 (a) The Attorney General, in support of United States prisoners in non-Federal institutions, is authorized to make payments from funds appropriated for the support of United States prisoners for —
. . . .
 (3) the housing, care, and security of persons held in custody of a United States marshal pursuant to Federal law under agreements with State or local units of government or contracts with private entities[.]
[2] Section 4042 of Title 18 of the United States Code provides in pertinent part:
 (a) In general. — The Bureau of Prisons, under the direction of the Attorney General, shall —
. . . .
 (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise[.]