ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 25, 2012

Mr. Lance Kinney, P.E.  
Executive Director  
Texas Board of Professional Engineers  
1917 South Interstate 35  
Austin, Texas   78741-3702

Opinion No.  GA-0955

Re:    Whether a federally appointed designated engineering representative must be licensed by the Board of Professional Engineers under the Texas Engineering Act, chapter 1001, Occupations Code (RQ-1047-GA)

Dear Mr. Kinney:

You ask whether a person who is appointed by the Federal Aviation Administration (the "FAA") as a "designated engineering representative" (a "DER") must, while serving in such appointment, be licensed as a professional engineer by the Board of Professional Engineers (the "Board") under the Texas Engineering Act, chapter 1001, Occupations Code.[1]

You furnish the following information regarding the functions of a DER:

> The [FAA] employs engineers directly and uses non-agency engineers, DERs, for limited consultation, data analysis and reports and approvals regarding aircraft design and certification. *We believe there is no question that DERs are assisting the FAA in the performance of the federal function of ensuring the airworthiness of aircraft and thus the public health, safety and welfare.*

Request Letter at 3 (emphasis added).  According to your request letter, DERs are "appointed by the FAA through one of the 10 Aircraft Certification Offices ("ACO")." *Id.*  You note that there are two types of DERs:  a company DER and a consultant DER.  "A consultant DER works for multiple clients and is not a direct employee of a manufacturer or airline." *Id.*  Your question is limited to the licensing of consultant DERs. *Id.*  Federal law imposes three requirements governing DER appointments:  "(1) an accredited engineering degree in the appropriate field plus 4 years directly related experience or eight years' experience in the appropriate field; (2) three references confirming

---

[1]Letter from Lance Kinney, P.E., Exec. Dir., Tex. Bd. of Prof'l Eng'rs, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Mar. 20, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

the work experience; [and] (3) mandatory orientation and demonstrated knowledge of FAA regulations." *Id.*  *See also* U.S. DEP'T OF TRANSP., FED. AVIATION ADMIN., *Designee Mgmt. Handbook*, Order 8100.8D, at 4-2, & app. A, at A4 (Oct. 28, 2011) ["DER Requirements"].  By contrast, an applicant for a Texas professional engineering license is subject to numerous additional requirements, including, most significantly, passage of an examination prescribed by the Board. *See* TEX. OCC. CODE ANN. § 1001.302(a) (West 2012).  We note that holding a Texas professional engineering license is not among the federal requirements governing a DER designation. *See supra* DER Requirements.  You indicate that, at present, only nineteen of 130 DERs with Texas addresses "appear to have an active Texas [professional engineering] license." Request Letter at 3.

We assume for purposes of this opinion that you are correct in concluding that a DER, under the circumstances you describe, is engaged in the practice of engineering. *See* Request Letter at 4. Even so, we note that the Texas Legislature exempted federal employees from the Texas Engineering Act, which governs the licensing of professional engineers in this state. TEX. OCC. CODE ANN. § 1001.054 (West 2012).  In Attorney General Opinion JC-0390, this office concluded that persons who practice engineering under contracts procured by the federal government are also exempted from the requirements of chapter 1001.  Tex. Att'y Gen. Op. No. JC-0390 (2001) at 9 (relating to "contracts procured by the federal government pursuant to federal procurement laws and regulations under which the federal government assesses engineers' qualifications").  Although we have found no information that would lead us to believe that a DER functions as a federal contractor, Opinion JC-0390 relied on two United States Supreme Court cases that are relevant to the question you pose.

In *Miller v. Arkansas*, the Court considered an Arkansas statute that required contractors performing construction work of a certain value to obtain a license from the state.  *Miller v. Arkansas*, 352 U.S. 187, 188 (1956).  The Court contrasted the requirements for obtaining a federal contract with the requirements for securing an Arkansas license. *Id.* at 188–89.  The Supreme Court declared that

> [m]ere enumeration of the similar grounds for licensing under the state statute and for finding "responsibility" under the federal statute and regulations is sufficient to indicate conflict between this license requirement which Arkansas places on a federal contractor and the action which Congress and the Department of Defense have taken to insure the reliability of persons and companies contracting with the Federal Government. *Subjecting a federal contractor to the Arkansas contractor license requirements would give the State's licensing board a virtual power of review over the federal determination of "responsibility" and would thus frustrate the expressed federal policy of selecting the lowest responsible bidder.*

*Id.* at 189–90 (emphasis added).  The Court quoted from an earlier case, *Johnson v. State of Maryland*, 254 U.S. 51, 57 (1920), that described "the immunity of the instruments of the United States from state control in the performance of their duties."  In that case, the Supreme Court struck

down the state's attempts to require "qualifications in addition to those that the [Federal] Government has pronounced sufficient."

Likewise, in *Sperry v. Florida*, 373 U.S. 379 (1963), the Supreme Court held that Florida was prohibited from enjoining a nonlawyer registered to practice before the United States Patent Office from preparing and prosecuting patent applications in Florida, notwithstanding that such activity constituted the practice of law in Florida. The Court reasoned thus:

> A *State may not* enforce licensing requirements which, though valid in the absence of federal regulation, give "the State's licensing board a virtual power of review over the federal determination" that a person or agency is qualified and entitled to perform certain functions, or which *impose upon the performance of activity sanctioned by federal license additional conditions not contemplated by Congress.*

*Id.* at 385 (emphasis added). These Supreme Court decisions make it likely that a court would conclude that, when a federal statute or regulation sets forth requirements by which to assess qualifications of appointees, a state may not add to those requirements and thereby interfere with the federal determination of a person's suitability to perform certain federal functions. Under the facts presented in your request letter, the FAA, through one of its ACOs, prescribes the qualifications for appointment as a DER. None of those qualifications include possessing a Texas-issued license to practice engineering. As a result, United States Supreme Court precedent would likely require a court to conclude that a federally appointed DER is not required to be licensed as a Texas professional engineer. We note, however, that to the extent that an individual engages in the practice of engineering in Texas outside the scope of his capacity as a federally appointed DER, he must be licensed by the Board of Professional Engineers. *See* TEX. OCC. CODE ANN. § 1001.301(a) (West 2012).

## S U M M A R Y

United States Supreme Court precedent would likely lead a court to conclude that a person appointed as a "designated engineering representative" by the Federal Aviation Administration is not, while serving in that capacity, required to be licensed as a professional engineer by the Texas Board of Professional Engineers. To the extent, however, that a person engages in the practice of engineering in Texas outside the scope of his capacity as a federally appointed "designated engineering representative," he must be licensed by the Board.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee